76 So.2d 534

Charles PATORNO

v.

DEPARTMENT OF PUBLIC SAFETY, DRIVERS' LICENSE DIVISION.

No. 41849.

Nov. 8, 1954.

Rehearing Denied Dec. 13, 1954.

Michael E. Culligan, Jr., New Orleans, for plaintiff-appellant.

Elven E. Ponder, C. Wayne Hays, Baton Rouge, for defendant-appellee.

MOISE, Justice.

Charles Patorno appeals from a decision of the Civil Service Commission, State of Louisiana, dated February 8, 1954, sustaining his dismissal as Drivers' License Examiner I in the New Orleans Office of the Drivers' License Division, Department of Public Safety.

The opinion of the Civil Service Commission reads as follows:

"Statement of Case

"Charles Patorno, Drivers' License Examiner I in the New Orleans Office of the Drivers' License Division, Department of Public Safety, was discharged, effective December 14, 1953, for reasons set forth in a letter dated December 11, 1953, charging that on November 18, 1953, he had signed an application verifying that an applicant had been examined and was qualified for a driver's license, whereas, the applicant was not examined as required by law ([LSA–] R.S. 32:408) and had no vehicle for taking the driving test, and that appellant falsified the results of an examination.

"Appellant waived his original objection of lack of particularity in the notice of discharge, and rested his appeal on his denial of the charges.

"Findings of Fact

"Appellant admitted that all of the writing on the application in question was in his handwriting except the rating on the driving test and the signature of the applicant, but he could not remember any of the particulars surrounding the handling of the application.

"The two tests required of an applicant for an original driver's license are usually administered by two examiners designated as 'inside' examiner and 'outside' examiner. The 'inside' examiner administers the examination with respect to the applicant's physical condition and ability to understand traffic regulations. The 'outside' examiner examines into the applicant's ability to operate a motor vehicle.

"On November 18, 1953, appellant was serving as 'inside' examiner, and assumed that because of his handwriting on the application, he had administered the required test. On cross-examination appellant was put on notice that his veracity would be impeached as to his denial of a statement charged to have been made by him to the 'outside' examiner.

"A witness for the employing authority, whose testimony appellant made no attempt to rebut, proved that appellant had made such statement, and proved also that the applicant was not subjected to either of the required tests, and in fact had no automobile in which to take the 'outside' test.

"The evidence is convincing that appellant collaborated in procuring the issuance of the license in question with full knowledge that the applicant had not been subjected to the required tests.

"Conclusions

"The appellant carried the burden, under the Constitution, to disprove the verity of the charges laid against him. He not only failed in this, but his veracity was successfully impeached. The employing authority established legal,

just and reasonable cause for appellant's discharge, and he is, therefore, denied relief."

On March 9, 1954, Charles Patorno, having changed counsel, applied for a rehearing, alleging that new evidence had been discovered, in that William Jarred, a witness subpoenaed by the employing authority to testify at the Civil Service Commission trial of Charles Patorno, had denied by affidavit on February 12, 1954 pertinent parts of the testimony taken at the trial and would testify to such at a new trial. The application for rehearing further alleged that William Jarred had been subpoenaed by the employing authority and had not appeared at the trial, and that his testimony was not secured nor was its substance discovered in time to present it to the Commission. Counsel argued that, under Rule 22 of the Supreme Court of the State of Louisiana, only questions of law could be considered on the appeal of a case from the Civil Service Commission, and that the failure to grant a new trial or a rehearing on questions of fact would result in a miscarriage of justice.

On March 15, 1954 the Civil Service Commission declined the application for rehearing and stated:

"The Commission declines to receive or act upon the application for a rehearing filed in the above captioned proceeding on March 10, 1954 for the reason that it believes that its decision rendered on February 8, 1954 disposes of the case and that it is without authority to extend the delay for an appeal as fixed by Rule XXII of the Supreme Court by receiving or acting upon application for rehearing or for a new trial."

Rule XXII of the Louisiana Supreme Court, adopted April 10, 1953, reads:

"Pursuant to Section 15(O) (1) of Article XIV of the Constitution, as amended by Act 18 of 1952, the Court promulgates the following rules of procedure to be followed in the taking and lodging of appeals from decisions of State and City Civil Service Commissions, towit:—

"Section 1. An appeal, limited to the review of questions of law, shall lie to this Court from all final decisions of a Commission. A decision shall be deemed to be final when such decision disposes of the case.

"Section 2. Application for an appeal to this Court shall be made to the Commission in writing within thirty (30) days after the date of filing of the Commission's written decision with director of personnel. The director of personnel shall, within twenty-four (24) hours, notify all parties to the controversy by United States mail at the last known address of each of the filing of Commission's decision."

Counsel for the dismissed employee argues in this Court that the refusal of a new

trial is a violation of his lawful and constitutional rights.

Article XIV, Section 15(O)(1) provides:

"There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals."

Article XIV, Section 15(O)(1) does not give an employee a right to a new trial or a rehearing. It empowers the Supreme Court to promulgate rules of procedure in the taking and lodging of such appeals. We have only to look at Rule XXII, cited supra, and we find that the decision of the Civil Service Commission is deemed to be final when such decision disposes of the case. No mention is made of rehearing or new trial. In denying a rehearing, the Commission stated that its decision rendered on February 8, 1954 disposed of the case. We agree with this holding.

In the rules of the Commission, we find that the Commission is not bound by rules of order, evidence or procedure in its meetings, hearings or investigations, except such as it may itself establish. Thus, in adopting its rules, the Commission did not see fit to give a litigant a right to a new trial or a rehearing. If a rehearing is granted by the Commission, as it does in some cases, then it uses its discretion and must feel that its original decision was not a final disposition of the case.

It is further contended by counsel for the dismissed employee that Article XIV, Section 15, of the Constitution of Louisiana of 1921 is placed under Parochial & Municipal Affairs, and that by denying the Supreme Court a right to review the facts there is a usurpation of judicial power. Counsel argues in relation to the above contention that Article XIV, Section 15, of the Louisiana Constitution is in violation of and inconsistent with Article 1, Section 2, and Article 1, Section 6 of the Constitution of Louisiana of 1921, in that due process of law requires that courts of law shall be open to every person for injury done him in his rights, land, goods, person or reputation.

Article XIV, Section 15, of the Constitution of Louisiana of 1921, sets up a Civil Service system for the State of Louisiana. Subsection (C) establishes a State Civil Service Commission and sets forth

the method of appointment and term of office. This Commission is a Constitutionally appointed body, and its powers are set forth in the Constitution and in the rules which the Constitution permits it to adopt.

■ This Court, in the case of State ex rel. Porterie v. Grace, 184 La. 443, 166 So. 133, 137, made the following pronouncement with respect to such administrative bodies:

"* * * The question has arisen often, as to whether a statute which delegates the authority to an administrative officer or board to find the facts upon which the law is to be applied is a delegation of judicial power; and the question has arisen often, as it arose in State v. Guidry, supra, [142 La. 422, 76 So. 843], as to whether the delegation of such authority to an administrative officer or board is a delegation of legislative power. It is recognized consistently that a statute which delegates to an administrative officer or board or commission the authority to find the facts upon which the law is to be applied is not a delegation of either the judicial or the legislative power."

See State v. Guidry, 142 La 422, 76 So. 843; State ex rel. Porterie v. Housing Authority of New Orleans, 190 La. 710, 182 So. 725.

In the case of O'Meara v. Union Oil Company of California, 212 La. 745, 33 So.2d 506, 509, it is further stated:

"In the case of Hunter Co., Inc., et al v. McHugh, 202 La. 97, 11 So.2d 495, we went at length into the question of the fact finding powers delegated to the conservation commissioner and pointed out that it was not a delegation of either judicial or legislative power. We also called attention to the fact that administrative officers with fact finding powers relieved the Legislature and the judiciary from a great deal of detail work and imposed these duties on an officer as agent of the State for determination because of his peculiar knowledge of such matters. We pointed out also that courts will not place their judgment above such administrative officers because of this fact. On account of the development and growing progress of our country, it would be practically, if not impossible, for the Legislature and courts to expeditiously dispose of these matters, if it were not for the fact that these administrative officers relieve the Legislature of all this detail work and the courts from being congested with many matters that can be thrashed out by those familiar with them."

See, Everett v. Phillips Petroleum Co., 218 La. 835, 51 So.2d 87.

Therefore, we do not think that plaintiff-appellant, Charles Patorno, was entitled to a rehearing, since the decision of the Civil Service Commission finally disposed of the case. Plaintiff has received neither arbi-

trary nor discriminatory treatment and has not been deprived of due process of law.

For the reasons assigned, the judgment of the Civil Service Commission upholding the dismissal of Charles Patorno is affirmed; all costs to be paid by plaintiff.