BLANCHE, Judge.
This Court, ex proprio motu, issued an Order to Show Cause why the appeal taken herein should not be dismissed.
After trial on the merits, the case was taken under advisement and on January 13, 1970, the trial judge handed down written Reasons for Judgment. The judgment was read, rendered and signed on February 4, 1970, and notice of judgment was mailed to all counsel of record on February S, 1970.
On February 11, 1970, appellants, Cecil D. Kelley and Marie Kelley, filed a motion for a new trial, which was denied. This devolutive appeal was taken on June 4, 1970.
The motion for a new trial filed on February 11, 1970, was filed one day after the period within which such motions must be filed. Article 1913 of the Code of Civil Procedure states:
“ * * * [Wjhen a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.”
Article 1974 of the Code of Civil Procedure states:

“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. % ‡ >jí
In the present case, the three-day period began on February 6, 1970, the day after the clerk mailed the notice of judgment. February 7th and 8th fell on a Saturday and Sunday and are not included in the computation period. February 9th and 10th fell on a Monday and Tuesday and constitute the second and third days of the delay period.
Since the motion for a new trial was filed on February 11, 1970, one day too late, the period within which a devolutive appeal must be taken began to run on February 11, 1970. Article 2087 of the Code of Civil Procedure provides:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely. * * * ”
*677 Since appellants’ devolutive appeal was not filed until June 4, 1970, well over ninety (90) days from the expiration of the delay for applying for a new trial, we hold that this appeal was not filed timely and must be dismissed at appellants’ costs.
Appeal dismissed.