270 So.2d 532 (1972)
264 La. 1
Windom J. LAMBERT
v.
Cecil D. KELLEY et al.
PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY
v.
Windom J. LAMBERT.
No. 51953.
Supreme Court of Louisiana.
December 11, 1972.
Crawford, Lambert & Goldsmith, Gordon R. Crawford, Gonzales, for defendants-applicants.
Attaya & Robichaux, Miriam T. Attaya, Gonzales, Kizer & Mosely, Roland C. Kizer, Jr., Baton Rouge, for plaintiffs-respondents.
SUMMERS, Justice.
Windom J. Lambert instituted this suit against his insurer, United Companies Fire and Casualty Insurance Company, to recover under the uninsured motorist clause of his liability policy, and against Cecil D. Kelley in solido for damages sustained in an automobile collision between himself and Kelley. The collision is alleged to have occurred on February 9, 1966 near Gonzales in Ascension Parish. Kelley, who had no liability insurance, answered *533 and reconvened for damages. Also Kelley's wife intervened for injuries she sustained as Kelley's guest passenger. Pennsylvania Millers Mutual Insurance Company, subrogee under the collision policy covering the Kelley automobile, filed a separatesuit to recover for damages to the Kelley automobile. The suits were consolidated.
After trial the cases were taken under advisement, and on January 13, 1970 the trial judge handed down written reasons for judgment. Formal judgments were rendered and signed February 4, 1970, in favor of Lambert against Kelley and United Companies Fire and Casualty Insurance Company, in solido. The reconventional demand of Kelley and the intervention of his wife were dismissed. In the consolidated suit judgment was rendered dismissing the suit of the subrogee Pennsylvania Millers Mutual Insurance Company against Lambert and United Companies Fire & Casualty Insurance Co.
Notices of the February 4, 1970 judgments were mailed on February 5, 1970. Thus, according to Article 1974 of the Code of Civil Procedure, the three-day delay for applying for a new trial, began to run on February 6the day after the Clerk mailed the notice of judgment. La. Code Civ.P. art. 1913. Because February 7 and 8 fell on Saturday and Sunday, legal holidays, these two days did not count as part of the three-day delay. La.Code Civ. P. art. 1974. February 9 and 10 were therefore the second and third days of the three-day delay prescribed for filing motions for new trials. La.Code Civ.P. art. 1974.
During this time a motion for a new trial was deposited with the Clerk of Court by Kelley's counsel. The motion was marked filed February 11, 1970 by a deputy clerk. The order fixing a date for a hearing on the motion was signed by the Judge on February 13, 1971. Later, on March 12, 1970, the motion for a new trial was denied. A motion for appeal was then filed, and a devolutive appeal was granted to Kelley and his wife on June 4, 1970. The appeal bond was furnished, and in due time the record was lodged in the Court of Appeal.
Apparently no one was aware at this time that the February 11 filing date was late. All counsel believed the three-day delay for filing a motion for a new trial began the day after notice of the judgment was received. Since the notice was received February 6, and February 7 and 8 fell on Saturday and Sunday, the delay would, under this erroneous impression, begin on February 9. Thus filing on February 11 would have been timely.
While the matter was on appeal, and prior to argument on the merits, the Court of Appeal on its own motion issued a rule to show cause why the appeal should not be dismissed. The action of the Court of Appeal was prompted by the fact that the record indicated that the motion for a new trial was filed on February 11, 1970. According to its computation, this was one day late. This premise required that the devolutive appeal must be taken within ninety days after the delay allowed for filing a motion for a new trial expired. Therefore, the appeal taken on June 4, 1970 was taken more than ninety days after February 10, 1970, the last day of the three-day delay allowed for moving for a new trial.[1]
*534 In answer to the rule, counsel for the Kelleys submitted an affidavit of the Clerk of Court setting forth that the courthouse at Donaldsonville in Ascension Parish is in a three-parish judicial district served by judges who are sometimes occupied with their duties in other parishes of the district. As a consequence it is sometimes several days before a judge is available at a particular courthouse to sign orders. The Clerk further deposed that of his own personal knowledge, pleadings in suits have on occasion been deposited in his office by attorneys and not marked by the deputy clerk of court as filed on that date. At times this has been due to the fact that a judge's signature was needed upon some portion of the pleading. In consequence the pleadings have not been marked as filed until some future date, or until the judge's signature was finally obtained.
Counsel for the Kelleys also submitted his own affidavit setting forth that on Monday, February 9, 1970, he prepared and had typed a motion for a new trial and mailed copies to each counsel of record, certifying to that effect on the motion. Then on Tuesday, February 10, 1970, he went to the courthouse in Donaldsonville to obtain the judge's signature to an attached order fixing a hearing date for the motion, after which he planned to file the pleading. Upon arrival it was ascertained that the judge would not be in Donaldsonville that day, and possibly not for several days. The pleading was therefore left with a deputy clerk with instructions that it be filed and submitted to the judge for his approval and signing on his next day in Donaldsonville.
Counsel did not remain in the Clerk's office to see the deputy clerk actually write the date of filing on the pleadings. As already noted, the pleading was marked filed February 11, 1970.
After a hearing on the rule to show cause, the Court of Appeal held that the filing on February 11 was one day late and, therefore, the motion for appeal filed on June 4, 1970 was not made within ninety days of February 10, the last day allowed for filing a motion for a new trial. The appeal was therefore considered not timely. The appeal was dismissed. 253 So.2d 675. We granted certiorari. 260 La. 125, 255 So.2d 352.
The issue presented is whether the filing took place on February 10 or February 11.
Although the pleading was marked filed on February 11, counsel's affidavit emphatically sets forth that he deposited the pleading with the Clerk's office for filing on February 10. If counsel's version of the facts is accepted, it must be concluded that depositing the pleading in the Clerk's office with instructions to file it is sufficient in legal contemplation to constitute a filing on the date of the deposit. Johnston v. Nanney, 244 La. 959, 155 So.2d 196 (1963); Cupples v. Walden, 124 So.2d 613 (La.App.1960).
In State v. Brazzel, 229 La. 1091, 1095, 87 So.2d 609, 610 (1956), it was recognized that the term "filing" means
. . . the delivery of a document to the proper officer to be kept on file, placing a paper in the proper official's custody by the party charged with such duty, presenting a paper at the proper office and leaving it there, and bringing the paper and depositing it with the officer *535 for keeping. (See Stanley v. Board of Appeals of Village of Piermont, 168 Misc. 797, 5 N.Y.S.2d 956 [1938]).
Marking the document or pleading "filed" and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading is the filing. State v. Brazzel, supra; State v. Lewis, 49 La.Ann. 1207, 22 So. 327 (1897); Waring v. O'Doniel, 102 Fla. 354, 135 So. 850 (1931); Buchanan v. Commercial Investment Trust, 177 Ark. 579, 7 S.W.2d 318 (1928).
Other than the notation by the deputy clerk of court that the pleading was filed on February 11, the affidavits presented on the rule to show cause and the remaining record of the case are the only evidence to support a decision. The facts set forth in the Clerk's affidavit concerning the practice sometimes followed by that office make it entirely feasible that the filing date was inadvertently placed on the pleading the day after it was deposited in the Clerk's office on February 10. Moreover, the positive statement in counsel's affidavit to the effect that he did in fact deposit the pleading in the Clerk's office on February 10 persuades us to conclude that the pleading was timely filed on February 10. Succession of Broom, 14 La.Ann. 67 (1859); cf. Fry v. Wolfe, 106 Okl. 289, 234 P. 191 (1925). This conclusion is also indicated inferentially by the certificate attached to the motion for a new trial showing that copies of the motion were forwarded to opposing counsel on February 9, 1970. Additionally, the long-standing policy of the law favoring appeals supports this result.
The judgment of the Court of Appeal is reversed and set aside, and the case is remanded to that court in order that the appeal may be proceeded with in accordance with law.
NOTES
[1] La.Code Civ.P. art. 2087:

Except as otherwise provided in this article or by other law, an appeal which does not suspend the affect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolutive appeal in the case, whichever is later.