BLANCHE, Judge.
Edward Joseph Cross was employed by Delgado Junior College as a Campus Security Officer-I, serving with probational status. On October 10, 1974, he was officially notified by his appointing authority, through the Director of Physical Facilities, that he was being separated from his position effective at the close of business on October 11, 1974.
On October 29, 1974, in proper person, Cross filed with the Civil Service Commission a letter of appeal. The letter set forth several grounds for his reinstatement, one of which was an allegation that he was discriminated against because of his color. A hearing thereon was set for 9:00 o’clock A.M. on June 25, 1975. The minutes of the Commission reflect that Delgado denied knowledge of the assignment of the appeal on that date, and, further because appellant Cross was before the Commission unrepresented by counsel and his single witness was unable to be present, the Commission on its own motion granted a continuance.
The matter was rescheduled for a public hearing before the Commission at 2:00 o’clock P.M. on August 27, 1975. A copy of a letter from the Director of the Commission dated July 29, 1975, notifying Delgado of the reassignment of the appeal is filed in the record. When the appeal came on for hearing according to the foregoing assignment, appellant Cross and his counsel were present but the appointing authority, Delgado, was not. When the appointing authority had made no appearance by 2:20 o’clock P.M., the Commission summarily and without hearing any evidence sustained the appeal of Cross and he was reinstated to his position as of October 11, 1974.
The decision of the Commission was filed with the Director of the Commission on August 29, 1975, and seventy-six days *601 later, on November 13, 1975, Delgado made an application to the Commission to appeal its decision to this Court.
Before us is the motion of Cross to dismiss the appeal of Delgado. Also before us is the motion of the Director of the Commission, Harold E. Forbes, to intervene in this appeal on the grounds that the appeal contains substantive and procedural questions of law involving the interpretation and construction of the Commission’s rules as well as provisions of the Civil Service Law that may substantially affect the operation and procedure of the State Civil Service and the State Civil Service Commission.
We agree that any decision we render will involve the rules of the Civil Service Commission and Civil Service Law relative to the taking of appeals from decisions of the Civil Service Commission. If the intervention is permitted, Forbes joins Cross in his motion to dismiss Delgado’s appeal.
The motion to intervene is unopposed, and LSA-R.S. 13:3417 seems to us to be statutory authority to permit the intervention, as it provides, in part:
“In any judicial proceeding involving an interpretation of or decision under any provision of [the Civil Service Law] in which a director of [a Civil Service System] functioning thereunder is not an indispensable party, the director may be made a party thereto at any stage of the proceeding on his own motion or by motion of an indispensable party. Directors made parties to such proceedings shall possess all of the rights afforded to parties in litigation by the laws of this state including the right to appeal and to apply for and obtain writs from the courts of the state. * * * ”
Accordingly, the intervention of the Director of the Civil Service Commission is hereby allowed.
Rule XVI of the Uniform Rules of the Courts of Appeal requires that an application for an appeal of a decision of the State Civil Service Commission must be made in writing to the Commission within thirty days after the filing of the Commission’s. final decision with the Director. Section 1 of Rule XVI, in pertinent part, provides:
“* * * A decision [of the Civil Service Commission] shall he final on the date the respective Commission files its written decision disposing of the case with the Director of Personnel of the Civil Service Commission, * * * if no timely application for rehearing is made to the Commission. * * * ”
(Emphasis supplied)
Section 2 of Rule XVI, in pertinent part, provides:
“An application for an appeal shall be made to the respective Commission in writing within thirty (30) days after the date of filing of the Commission’s final decision with the Director of Personnel * * (Emphasis supplied)
Civil Service Rule 13:33 provides that no rehearing shall be granted from a final decision of the Commission. Our Court rule, in predicating the finality of a decision of the Commission on the absence of a rehearing, is meaningless, as Civil Service rules have the effect of law, and we are without authority to impose a procedural requirement on the Commisssion providing a rehearing from its decision. Civil Service Rule 13:28 (a) provides, as does our Rule XVI, that the decision of the Commission shall be final on the day that it is filed with the Director. See, also, Patorno v. Department of Public Safety, 226 La. 471, 76 So.2d 534 (1954), which holds that a rehearing before the Commission is not a constitutionally protected individual right.
Therefore, the decision of the Civil Service Commission became final when it was filed with the Director on August 29, 1975. Since Delgado did not make application to the Commission to appeal its deci *602 sion within the thirty-day limitation prescribed by Rule XVI, this Court is without jurisdiction and the appeal must be dismissed.
Respondent, Delgado, in an effort to overcome the obvious tardiness in filing the application for appeal, argues that the decision appealed from was not a final decision because it was rendered in violation of the Commission’s own rules. In support thereof, it cites the applicability of Commission Rule 13:28 (a) which provides that after hearing of an appeal the Commission shall make a written decision containing its findings of fact and conclusions which shall be filed with the Director.
Respondent notes that no hearing was had in the instant appeal. In fact, the order reinstating appellant was rendered summarily. Therefore, it argues that since the Commission rendered this decision without a hearing, the decision is not final, and consequently, the delays for appealing a final decision are not applicable in the instant case.
The question of the finality of the decision of the Civil Service Commission for purposes of appeal is not dependent upon whether the decision of the Commission was improperly rendered but upon whether it was a final decision in accordance with Civil Service Rules. If it was, then our Court rules governing the taking of appeals from a final decision of the Commission apply.
Since we have found that the decision was final when it was filed with the Director of the Commission, it is immaterial for the purposes of our jurisdiction whether it was granted with or without a hearing or with or without findings of fact and conclusions based thereon.
For the foregoing reasons, the motion to dismiss filed by Edward Joseph Cross is granted and the appeal of respondent, Delgado Junior College, is dismissed, at its costs.
APPEAL DISMISSED.