MORIAL, Judge.
This matter comes before the court on a motion to dismiss the appeal of David Quinn, Jr. from a Civil Service Commission decision brought by the Department of Health, City of New Orleans.
The decision of the Civil Service Commission was rendered and filed in the office of the Civil Service Commission on January 18, 1977. Notice thereof was sent by certified mail postmarked January 19, 1977 to appellant’s counsel and received by him on January 21,1977. A motion for appeal was filed on February 18, 1977 which was thirty-one days after the decision.
Article 10, Section 12 of the Louisiana Constitution of 1974 provides in part:
“. . . The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal . . . within thirty calendar *955 days after its decision becomes final

Rule 16, Section 1 of the Uniform Rules of the Courts of Appeal attempts to define a final decision, but it does so self-contradictorily:
“ * * * A decision shall be final on the date the respective Commission files its written decision disposing of the case with the Director of Personnel of the Civil Service Commission ... if no timely application for rehearing is made to the Commission. When an application for a rehearing (if such action is permitted by rule of the Commission involved) has been applied for timely, a decision shall be final when the Commission files its written denial thereof ... or . its written decision disposing of the case with the Director of Personnel after the rehearing. To be timely, an application for rehearing must be filed with the Director within ten (10) days of the date the Commission’s decision is filed. * * * ” (emphasis added)
Although no rule is shown to have been adopted by the City Civil Service Commission itself, the Administrative Procedure Act does not except the Commission from its applicability, and R.S. 49:959 A provides a decision shall be subject to rehearing within ten days from entry.
The self-contradiction in our Rule 16 that it describes as “final” a decision immediately upon its rendition and filing, while it is still subject to application for rehearing, yet the Rule removes that “finality” upon a timely application for rehearing, and reinstates it after action on the application. La.Const. Article 10 § 12 contemplates no such view in allowing appeal within 30 days “after its decision becomes final.” A decision “becomes” final because of some change after its rendition: the change occurs by the passage of time for applying for rehearing (or by the action on a timely application for rehearing). Until the Commission loses its power to alter its decision, the decision does not “become final” in the ordinary sense meant by the Constitution: and until the decision “becomes final” in that sense the 30-day constitutional appeal period does not begin to run.
Insofar as our Rule 16 § 1 would abridge the 30-day constitutional appeal period it cannot have effect.
The present appeal was timely taken.
MOTION DENIED.