HOOD, Judge.
Plaintiff, Ernest D. Paulin, appeals from an adverse ruling of the Civil Service Commission of the City of New Orleans. The defendant, Department of Sanitation, City of New Orleans, filed a motion to dismiss the appeal, alleging that the appeal was not taken timely. The case is before us on that motion to dismiss.
The decision of the Civil Service Commission was rendered on June 4, 1979. Plaintiff appealed to this court 39 days later, on July 13,1979. Defendant contends that the appeal was untimely because it was not taken within 30 days after the Commission’s decision became final.
Article 10, Section 12, of the Louisiana Constitution of 1974 provides that a decision of a Civil Service Commission shall be subject to review upon appeal to the Court of Appeal “within thirty calendar days after the decision becomes final.”
We held in Quinn v. Department of Health, 347 So.2d 954 (La.App. 4th Cir., 1977), that a rehearing may be applied for within ten days after the filing of a decision of the Commission, and that when no one applies for a rehearing the decision becomes final at the expiration of that ten day period. Since the above cited article of the constitution allows a party 30 days after the decision “becomes final” within which to appeal, we decided that the appeal in that case was timely since it was taken within 30 days after the expiration of the 10 day delay for applying for a rehearing. Under that decision, in a case where there is no application for a rehearing, a party has a total of 40 days from and after the decision of the Commission is filed within which to appeal.
The mover in this case argues that our decision in Quinn, supra, is incorrect in holding that the Administrative Procedure Act (LSA-R.S. 49:951, et seq.) is applicable to the Civil Service Commission of the City of New Orleans, in concluding that a party has the right to apply for a rehearing from a decision of that Commission, and in decreeing that where there is no application for a rehearing a decision of the New Orleans Civil Service Commission “becomes final” ten days after it is filed. The mover contends that the delay allowed for appealing expired 30 days after the decision of the Commission was filed, and that the appeal in this case should be dismissed as being untimely.
We concede that our laws are not clear as to whether a party has a right to apply for *1065 a rehearing from a decision of the New Orleans Civil Service Commission, and that they might reasonably have been interpreted as mover says we should have construed them. We believe, however, that our decision in Quinn, supra, is equally as logical and is as well supported by the law as are the views expressed by mover. Also, that decision has remained the jurisprudence of this court since it was rendered in 1977, and we think parties to actions such as the one involved here, including plaintiff in the instant suit, had the right to rely on it. It involved a technical issue relating to procedure, and we adopted the view which tended to broaden, rather than to restrict, access of parties to the courts.
The cases of Patorno v. Department of Public Safety, Etc., 226 La. 471, 76 So.2d 534 (1954), and Cross v. Delgado Junior College, 331 So.2d 599 (La.App. 1st Cir., 1976), which are relied on by mover, are not applicable here. Patorno was decided before the constitutional provision, the statutes and the Uniform Rules of the Courts of Appeal which are applicable here were adopted. In Cross, the appeal was not sought until 76 days after the decision of the Commission was filed, not within 40 days as in the instant suit.
We have not been persuaded that the decision rendered in Quinn, supra, is incorrect. Our conclusion is that the appeal taken in the instant suit was timely, and that the motion to dismiss that appeal should be denied.
The motion filed by defendant, Department of Sanitation, City of New Orleans, to dismiss the appeal taken by plaintiff is denied.

MOTION DENIED.

BOUTALL, J., concurs in result only.