COLE, Judge.
This matter is before us on a motion to dismiss. Defendant-mover Department of Health and Human Resources (herein referred to as DHHR) argues the appeal should be dismissed because it was not timely filed. We disagree and therefore deny the motion.
On July 6, 1981, the State Civil Service Commission rendered its written opinion concerning Mr. Smith’s appeal of his suspension and termination from his position as Police Officer I at Charity Hospital in New Orleans. Unhappy with the decision, appellant (through his attorney) wrote a letter of appeal postmarked August 4, 1981, which was received by the Commission on August 5, 1981. There was no appeal bond accompanying the letter. A second letter of appeal was written, (and an appeal bond included), postmarked August 5, 1981, and was received by the Commission August 7, 1981.
DHHR insists the decision of the Commission was final on July 6,1981, in accord- *499 anee with Civil Service rule 13.28(a),[1] and therefore the appellant had only 30 days or until August 5, 1981, to actually file his appeal and provide his appeal bond.[2] The 30-day appeal period is established in La. Const, art. X § 12, which reads in part as follows:
"... The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.”
In their brief in support of the motion to dismiss, DHHR does not mention the first appeal, apparently believing it to be invalid because it did not contain specifications of error and was not accompanied by an appeal bond. They discuss only the second appeal letter and contend that in order for an appeal to be “filed” it must be actually received by the appropriate official. Lambert v. Kelley, 270 So.2d 532 (La.1972). They contend the postmark date is immaterial.
The appellant points out that under rule 13.12(a)[3] of the Civil Service Commission the appeal is timely if the letter is addressed to the Director and it is dated by the United States Post Office within 30 days after the date on which the appellant received notice of action.[4] Under this rule, even his second appeal letter was timely because it was postmarked on August 5, which is the thirtieth day after July 6th.
We note there is an apparent conflict between the Constitution and the Civil Service rule. Under the Constitution the appellant has thirty days from the date the decision becomes final in which to file an appeal. We agree that an appeal is filed when it is received by the appropriate official. Lambert, supra. Yet Civil Service rule 13.12(a) clearly states the appeal need only be postmarked within 30 days after the date the appellant received notice.
Because a more important issue arises in this case, we need not decide this matter on the basis of the above conflicting rules. It is obvious in a situation where the Constitution conflicts with the Civil Service Rules, the Constitution, being the highest law in the state, prevails. We trust the Commission will take note of this glaring inconsistency, as well as the one discussed hereafter, and remedy the situation.
The larger issue to be resolved concerns the right of appellant to apply for a rehearing of the Commission’s decision. This issue discloses an even more significant inconsistency in our law. Civil Service rule 13.33(b) states:
“No hearing shall be granted from a final decision of the Commission.”
However, the Administrative Procedure Act (La. R.S. 49:951 et seq.) which governs all “agencies” provides:
“ ‘Agency’ means each state board, commission, department, agency, officer, or *500 other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts.” [5]
This broad definition obviously includes the Civil Service Commission and Section 959 A of the Act states:
“A decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry.”
Here again, we have a conflict between the Civil Service rules and a state law. The state law, being of a higher status than the Civil Service rules, controls in this case. The appellant should have had a ten-day period in which to apply for a rehearing. The decision of the Commission did not become final until the ten-day period had run. It is only after this period had expired that the thirty-day period commenced. Therefore the appellant had a total of 40 days within which to file his appeal. His appeal was received well within the 40-day period and was therefore timely filed.
In our research of this matter we note our brethren of the Fourth Circuit have agreed with this reasoning and have concluded that because of § 959(A) of the Administrative Procedure Act an appellant in a civil service matter is entitled to apply for a rehearing (and therefore have the benefit of the ten-day delay) even though the Civil Service rules do not provide for such rehearing. Quinn v. Department of Health, 347 So.2d 954 (La.App. 4th Cir. 1977); Paulin v. Department of Sanitation, 383 So.2d 1064 (La.App. 4th Cir. 1980).
For the foregoing reasons the motion to dismiss the appeal is denied.
MOTION DENIED.

. 13.28(a) reads as follows:
“After hearing of an appeal, the Commission shall make a written decision containing its findings of facts and conclusions, which shall be filed with the Director. The decision of the Commission shall be final on the day that it is filed with the Director." (Emphasis added.)

. Rule XVI, sect. 2 of the Uniform Rules, Courts of Appeal, requires each appellant to file bond for costs in the sum of $100.00.

. Rule 13.12 reads in part as follows:
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.

.Although no mention is specifically made, the appellant apparently received notice of the opinion on July 6, 1981.

. La.R.S. 49:951(2).