COLE, Judge.
This litigation is before us on a motion to dismiss. Defendant-mover, Housing Authority of Monroe (herein referred to as the Housing Authority), argues the appeal should be dismissed because it was not filed timely. We agree and therefore grant the motion.
Appellant, Eddie Harper, was dismissed from his position with the Housing Authority on September 24, 1979. He then appealed his dismissal to the State Civil Service *1158 Commission (herein referred to as the Commission). On October 30,1981, the Commission issued and filed with its Director a decision upholding appellant's dismissal. Under Rule 13:28(a) of the Commission, the decision becomes final on the day it is filed with the Director.
On December 8, 1981, the Commission received appellant’s notice of appeal setting forth an assignment of errors. However, appellant neither designated the portions of the record he desired to be incorporated into the transcript, nor did he file a bond for costs in the sum of $100.00, requirements of Sections 1 and 2 of Rule XYI of the Uniform Rules — Courts of Appeal. On December 10, 1981, the Commission received appellant’s designation of the record, as well as the $100.00 bond.
Article X, Section 12 of the Louisiana Constitution of 1974 provides for a thirty-day period during which one may appeal a final decision of the Commission. In the very recent case of Smith v. Dept. of Health and Human Resources, 407 So.2d 498 (La.App. 1st Cir. 1981), writs granted February 5th and 8th, 1982 (Nos. 81-C-3266 and 81-C-3283 pending on the docket of The Supreme Court), we held the Administrative Procedure Act (La.R.S. 49:951 et seq.) requires the Commission provide appellant a ten-day period in which to apply for a rehearing. Under the reasoning of Smith, appellant had a total of forty days within which to file his appeal.
The Commission argues in brief that Smith was in error in holding the Administrative Procedure Act requires it to provide a ten-day period during which a party may request a rehearing. It contends the Constitution places Civil Service rules on equal footing with state statutes and, therefore, the Administrative Procedure Act does not derogate the rules of the Commission. The Housing Authority adopts this position of the Commission and further asserts that even under Smith, this appeal was not timely.
The constitutional question now raised was not presented in Smith. The opinion in Smith was rendered on November 23, 1981. At that time the Commission was not a formal party to the proceedings. It moved to intervene on December 11, 1981, and the motion was granted on December 14, 1981. Our rules not permitting a rehearing (Rule XI, Section 6, Uniform Rules — Courts of Appeal), the Commission, as intervenor, and the appellee, then applied individually to the Supreme Court for a writ of review.
After Smith, this court was called upon to act upon a writ application in Guillory v. Department of Transportation and Development, Number 82 CW 0007 on our docket. On January 25, 1982, concerning the applicability of the provisions of the Administrative Procedure Act to proceedings then pending before the Commission, other members of this court held:.
“The Administrative Procedure Act does not supersede civil service procedural regulations adopted pursuant to the civil service commission’s constitutional grant of rule making power. See Louisiana Constitution of 1974, Article X, Section 10; Louisiana Consumer's League, Inc. v. Louisiana Public Service Commission, 351 So.2d 128, (La.1977).”
Thus, there is seemingly a lack of unanimity among this court as regards the thrust of our ruling in Smith. Not being permitted to review or alter our decision in Smith due to its present posture, but recognizing its lack of finality, we now question our assertion therein that where there is a conflict between Civil Service rules and a state law the state law controls. However, we find it unnecessary to address the constitutional argument now so forcefully and persuasively presented by counsel for the Commission. Even under the holding in Smith, the appeal in this case is untimely.
Appellant initially gave notice of appeal in accordance with Civil Service Rule 13:11 on December 8, 1981, thirty-nine days after the decision of the Commission. However, at that time, appellant failed to file the $100.00 appeal bond required by Rule XVI, Section 2 of the Uniform Rules — Courts of Appeal. On December 9th appellant mailed the bond, together with his filing fee, to the Commission. The bond was received by the *1159 Commission on December 10th, the forty-first day subsequent to the Commission’s decision.
The appeal bond must be filed within the appropriate delay in order to perfect an appeal from a decision of the Commission. In Calvin v. State Department of Hospitals, 252 So.2d 748 (La.App. 1st Cir. 1971), this court stated:
“Unquestionably, the matter of fixing the prescribed time within which an appeal bond must be filed has a procedural aspect and connotation, but also it is directly concerned with appellate jurisdiction. Appellant’s failure to file his appeal bond within the time prescribed by Sec. 4 of Rule XVI, Uniform Rules of the Courts of Appeal, strikes at the foundation of the appellate process, and this defect could not be cured by the subsequent filing. Therefore this court did not obtain appellate jurisdiction of this appeal.”
Rule 13:12 of the Commission provides no appeal shall be effective unless a written notice is either received in the office of the Director or postmarked within the thirty-day delay provided. Taking the position Smith broadened the delay from thirty days to forty days, appellant contends his appeal bond was filed timely since it was postmarked on the fortieth day after filing of the decision.
In Smith, we noted there is a conflict between Article X, Section 12 of the Constitution which provides an appeal from a final decision of the Commission is effective when it is “filed,” and Rule 13:12 which requires only that the appeal be postmarked within the delay period. Relying upon Lambert v. Kelly, 270 So.2d 532 (La.1972), we stated, at page 499:
“We note there is an apparent conflict between the Constitution and the Civil Service rule. Under the Constitution the appellant has thirty days from the date the decision becomes final in which to file an appeal. We agree that an appeal is filed when it is received by the appropriate official. Lambert, supra. Yet Civil Service rule 13:12(a) clearly states the appeal need only be postmarked within thirty days after the date the appellant received notice.
“Because a more important issue arises in this case, we need not decide this matter on the basis of the above conflicting rules. It is obvious in a situation where the Constitution conflicts with the Civil Service Rules, the Constitution, being the highest law in the state, prevails.”
While we felt it unnecessary to squarely address the issue in Smith, the implication was clear and we now hold the appeal, together with the appeal bond, must be actually received by the Commission within the appropriate delay. Thus, even as interpreted by Smith, the appeal bond in this instance was not received timely and we are therefore without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed. Appellant is to pay all costs.
MOTION GRANTED, APPEAL DISMISSED.