COVINGTON, Chief Judge.
The plaintiff in this legal malpractice action appeals the judgment of the trial court which sustained the peremptory exception of prescription filed by defendant and dismissed plaintiffs suit. Because we find that plaintiff made sufficient proof of timely filing, we reverse the judgment of the trial court and remand for further proceedings.
While the record is incomplete in several respects [1] most of the basic facts pertinent to this appeal are undisputed. Defendant was retained in early January of 1983 by a third party to represent the plaintiff herein and another criminal co-defendant in a criminal trial for forgery. Defendant accepted a retainer in the amount of $5,000.00 (of a total fee of $15,000.00). He testified the retainer was only for representation through a hearing of a motion to suppress, not through trial. However, after the motion to suppress was denied, he continued to represent plaintiff and the other criminal co-defendant throughout the trial. Plaintiff was convicted of forgery on April 5,1983. On the same day, defendant apparently filed a motion to withdraw as plaintiff’s counsel of record, which was later granted. Plaintiff was sentenced on September 2, 1983, and subsequently incarcerated.
In early April of 1984, plaintiff filed in proper person a suit for legal malpractice against defendant on some 21 grounds. The stamp of the Clerk of Court for East Baton Rouge Parish, where the suit was filed, marked the petition filed at 11:19 a.m., and the date April 6, 1984. At the hearing below, plaintiff introduced into evidence a return receipt for certified mail addressed to the Clerk of Court which showed delivery as of April 5, 1984. Plaintiff indicated that he had deposited the petition for filing in the mail, certified and return receipt requested; he introduced a receipt for certified mail dated April 4, 1984, showing the Clerk of Court as the intended recipient. The numbers on both receipts correspond.
The trial judge determined that this suit was filed on April 6, 1984, without articulating the basis for his determination. He held that under Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App.1st Cir.1983), plaintiff had a period of one year from discovery of the alleged malpractice to file suit. The instant discovery occurred on April 5, 1983, when Boming was convicted. Thus, the court found that plaintiffs suit was prescribed.
We disagree. It is settled in our law that delivery to the Clerk of Court perfects the filing of a pleading, as defendant admits in brief. LSA-C.C.P. Article 253 and the cases cited thereunder. Moreover, in Lambert v. Kelley, 270 So.2d 532 (La.1972), our Supreme Court held that marking the document or pleading “filed” and designating the date is evidence of the act of filing, but is not the act of filing itself. The act of depositing the document or pleading is the filing. Lambert, supra, at p. 535. The Court there found that counsel’s affidavit that he timely deposited the pleading in the Clerk’s office was sufficient for the conclusion that the pleading was timely filed.
We find that this line of reasoning and the circumstances of this case point even more strongly to holding the suit timely filed than in Lambert. Plaintiff did not submit merely a self-serving affidavit, but *185 relied upon a return receipt for certified mail, processed by the United States Postal Service, which indicates that there was delivery of the pleading to the Clerk of Court’s personnel on April 5, 1984. Thus, under Article 253 and the jurisprudence, plaintiff’s suit was timely filed.
Counsel for defendant argues that the trial judge’s finding was a factual one based on his assessment of plaintiff’s credibility, and as such, absent manifest error, should be allowed to stand. Our examination of the reasons for judgment does not support this contention; indeed, the judge gave no indication whatsoever of the basis for his finding, stating only that “this particular action was not filed until April 6th of 1984.” We thus have no way of knowing whether the trial court’s ruling was in effect one on plaintiff’s credibility, or a misunderstanding of the significance of the date of the Clerk’s stamp on the petition.
In the recent decision of Bloxom v. Blox-om, 512 So.2d 839 (La.1987), decided September 9, 1987, our Supreme Court held that where the trial court’s reasons do not articulate the theory or evidentiary facts upon which its conclusion is based, and these can not be inferred from the reasons or record, the Court would be unable to give this finding the usual deference attributed to the decisions of triers of fact at the trial level. “Although we may accord deference to a decision of less than ideal clarity if the trial court’s path may reasonably be discerned, such as when its findings, reasons and exercise of discretion are necessarily and clearly implied by the record, we will not supply a finding from the evidence or a reasoned basis for the trial court’s decision that it has not found or that is not implied.” [Citations omitted.] P. 843.
Since the trial judge did not articulate the factual or theoretical basis for his finding that the petition was filed on April 6, 1987, we need not accord this finding the usual deference it would otherwise merit. In view of the reasons previously expressed, therefore, we reverse the judgment of the trial court which found plaintiff’s suit was not timely filed, and remand this case for further proceedings on the merits. Costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.

. The meagemess of the record is due in part to the fact that the exception which is the subject of this appeal was one of the first pleadings filed by defendant, and in part because plaintiffs self-representation, though enthusiastic, is not the result of professional training and knowledge. In view of the latter factor, and because we have a sufficient record on which to base this decision, we see no point in a remand for the purpose of augmenting the record.