KAREN CARTER PETERSON　　　*　　　NO. 2019-CA-0703

VERSUS　　　*　　　COURT OF APPEAL

ALLEN HELWICK BORNE,　　　*　　　FOURTH CIRCUIT
JR., KYLE ARDOIN, IN HIS
OFFICIAL CAPACITY AS THE　　　*　　　STATE OF LOUISIANA
SECRETARY OF STATE, AND
C. ARTHUR MORRELL, IN　　　*
HIS OFFICIAL CAPACITY AS
THE CHIEF ELECTION　　　*
OFFICER FOR ORLEANS　　　* * * * * * *
PARISH

**LOBRANO, J., DISSENTS AND ASSIGNS ADDITIONAL REASONS**

I respectfully dissent. I would reverse the district court's decision and find

that petitioner, Karen Carter Peterson ("Petitioner"), did not meet her burden to

prove that the defendant, Allen Helwick Borne, Jr. ("Defendant"), "failed to

qualify for the primary election in the manner prescribed by law." La. R.S.

18:492(A)(1). I find that the original candidacy documents including the Notice of

Candidacy signed by Defendant[1], Defendant's mandate affidavit,[2] the affidavit of

Defendant's agent, Paul A. Bello ("Agent") [3], and the qualifying fee[4] (original

---

[1] Upon deposit by Agent and receipt by the deputy clerk, the deputy clerk did not record into the public record the notice of candidacy signed by Defendant. Despite testimony from Mr. Morrell, Defendant, and Agent of the deposit and receipt of the Notice of Candidacy signed by Defendant at the clerk's office, the district court refused to enter this notice into evidence, but allowed Defendant to proffer the document. Defendant argues that the district court's "evidentiary impediments unnecessarily and detrimentally hindered" his ability to present a meaningful defense to "a case seeking to deny his substantial right in participating in local governance and democracy through candidacy for State Senate in Louisiana's 5th District and denied the voters of the 5th District a choice in a meaningful election." I agree. The district court erred in not allowing the Notice of Candidacy form sign by Defendant to be admitted into evidence. *See* La. C.E. art 402 ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, this Code of Evidence, or other legislation..."); *see also* La. C.E. art 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

[2] The deputy clerk recorded into the public record the Defendant's mandate affidavit. The district court allowed Defendant's mandate affidavit into evidence.

[3] The deputy clerk recorded into the public record the Agent affidavit. The district court allowed the Agent affidavit into evidence.

[4] It is undisputed that a qualifying fee was paid. The payment of the $600 qualifying fee is noted by the Clerk of Court on recorded documents.

1

candidacy documents collectively referred to as "First Notice") deposited by Agent and received by a deputy clerk at the office of the Clerk of Court for Orleans Parish Civil District Court ("Clerk of Court")[5] effectuated a timely filing of a notice of candidacy by Defendant.

I agree with the majority that the Notice of Candidacy signed by Agent and received by a deputy clerk at the office of the Clerk of Court at 3:26 p.m. on August 8, 2019 ("Second Notice"), did not properly qualify Defendant as a candidate for State Senate District 5. In fact, I opine that the Second Notice was invalid on its face and, when filed by the deputy clerk, a misdemeanor under La. R.S.18:463(A)(4) was arguably committed.[6] A proper review by the deputy clerk of the First Notice when it was deposited and received by the deputy clerk clearly indicated that Defendant authorized Agent to file the First Notice, not the Second Notice. The district court and the majority erred in using a patently unauthorized, illegal notice as grounds for a disqualification. La. R.S. 18:492(B) provides: "A violation of R.S. 18:463(A)(1)(c) by an agent shall not constitute ground for objecting to a candidacy…" La. R.S. 18:463(A)(1)(c) provides that "[w]hen an

---

[5] La. R.S. 18:422 and 471 provide the clerk of court's function and responsibilities. La. R.S. 18:422 states:

> The clerk of court is the chief election officer of the parish. Except as otherwise provided by law, a deputy clerk of court shall possess all of the powers and authority granted by law to the clerk, and may perform any of the duties and exercise any of the functions of the clerk. Deputy clerks and other employees of a clerk of court are subject to his direction and supervision, and shall perform the duties assigned to them by law, the court, and the clerk. The clerk of court is responsible for the performance or nonperformance of their official duties by his deputies and other employees.

La. R.S. 18:471 states:

> Wherever in this Code any act is required to be performed with or by the clerk of court, such act shall be performed in the office of the clerk and may be performed by or with the clerk of court or any deputy clerk employed by him designated by him for the purpose.

[6] La. R.S. 18:463(A)(4) states:

> (4) An agent who files a notice of candidacy without the authorization or consent of the candidate to file such notice of candidacy shall be guilty of a misdemeanor and shall be fined not in excess of five hundred dollars or imprisoned for not more than thirty days, or both.

2

agent files a notice of candidacy on behalf of a candidate, the agent shall file with the qualifying official an affidavit attesting that the agent has the authorization and consent of the candidate to file the notice." It is undisputed that Agent did not have the authority to file the Second Notice on behalf of Defendant. The record shows that Defendant's mandate affidavit, the affidavit of Agent, and the qualifying fee that were attached to the First Notice were improperly removed and attached to the Second Notice by the deputy clerk. Thus, I find that the Second Notice is of no great evidentiary value in Petitioner's suit to disqualify a candidate.

However, I find that the First Notice documents[7] deposited by Agent and received by the deputy clerk effectuated a timely filing. It is unrefuted that Agent possessed only the authority to file the Original Notice of Candidacy signed by Defendant along with the Defendant's mandate affidavit and Agent affidavit, as well as the qualifying fee. It is undisputed that Agent delivered and deposited the First Notice to a deputy clerk in the Clerk's office. When Agent delivered the First Notice to the deputy clerk, the Clerk of Court was in receipt of it, and it was timely filed in accordance with La. R.S.18:466, which reads:

> A notice of candidacy, accompanied by the qualifying fee …… is timely filed only if received by the …clerk of court, for local or municipal candidates, during the qualifying period for candidates in the primary election.

*See, e.g., Lambert v. Kelley*, 270 So.2d 532, 535 (La. 1972)( "The act of depositing the document or pleading is the filing," not the marking of the "document or pleading 'filed' and designating the date;" these are "evidence of the act of filing, it is not the act of filing itself."); *Hayes v. Woodworth Trucking Co.*, 353 So.2d 478, 479 (La. App. 3d Cir. 1977)(citing *Lambert*, 270 So.2d 532)("a suit is filed when it is timely placed in the hands of the clerk of court of competent jurisdiction

---

[7] The First Notice includes the Notice of Candidacy signed by Defendant, which was deposited by Agent but not recorded by the deputy clerk upon receipt, and the other documents, which were recorded by the deputy clerk, i.e., Defendant's mandate affidavit, the agent affidavit, and the qualifying fee.

for filing"); *Ellzey v. Employers Mut. Liab. Ins. Co.,* 388 So.2d 843, 848 (La. App. 2d Cir. 1980), *writ denied*, 394 So.2d 617 (La. 1980) ("plaintiff's delivery of the letters requesting a trial date to the clerk of court constituted a filing of them… failure of the clerk to comply with his responsibility cannot detract from the actions of the plaintiff establishing that he had not abandoned the prosecution of his case. The plaintiff was entitled to establish his action before the court by extrinsic evidence…"); *Borning v. Bush*, 517 So.2d 183, 184 (La. App. 1st Cir. 1987); *Acosta v. Hepplewhite Home, Inc.,* 450 So.2d 770, 773 (La. App. 5th Cir. 1984). Thus, I find that Defendant qualified for the election in the manner prescribed by law upon deposit and delivery of the First Notice by Agent and receipt by the deputy clerk of the First Notice.

The testimony from Agent demonstrates that he arrived at the Clerk of Court's office during the qualifying period in question. He arrived with the First Notice. The deputy clerk took the First Notice, and was in receipt of it. The deputy clerk then used the information contained in the First Notice to generate the Second Notice. Agent was instructed to fill it out and sign it as Agent. Agent's signature on the Second Notice was then notarized by a notary in the Clerk of Court's office. Agent testified that the clerk's office kept the Notice of Candidacy signed by Defendant contained in the First Notice until Agent was finished with the notary, requiring him to carry the Second Notice throughout the qualification filing process. Agent testified that the original Notice of Candidacy was returned to him, and he was lead to believe that this was standard practice of the Clerk's Office and that he had fulfilled his agency obligations.

Petitioner failed to present any evidence to refute Defendant's evidence proving that Agent deposited the First Notice with a deputy clerk and the deputy clerk received the First Notice. Mr. Morrell did not refute this in his testimony.

4

Additionally, no deputy clerks from his office were called to refute the receipt of the First Notice.

Petitioner failed to submit evidence regarding the circumstances surrounding the return by the deputy clerk of the Notice of Candidacy signed by Defendant. She presented no evidence that upon deposit and receipt of the First Notice that it was returned pursuant to the policy of the clerk's office. She failed to elicit testimony regarding the Clerk of Court's policy for the return of documents deposited by filers and received by deputy clerks. Although inapplicable, La. R.S. 18:470(3)(b) requires in election suits that "[i]f a notice of candidacy, together with the qualifying fee or a nominating petition, is not filed timely or is filed with the wrong official, the official receiving the papers shall endorse the date and time of receipt upon them and shall return them forthwith, either personally or by registered or certified mail, to the candidate filing them." No such testimony was presented by Petitioner further failing to meet her burden of proof as to circumstances of the filing of the First Notice.

It is irrelevant in a petition to disqualify a candidate as to the actions or inactions of the Clerk of Court upon proof of the deposit by Agent and receipt by the deputy clerk of the First Notice effectuating qualification. The undisputed receipt of the First Notice within the qualifying period qualified Defendant as a candidate. Thereafter, the Clerk of Court has a duty to endorse on the notice the date and time of filing and amount of qualifying fee pursuant to La. R.S.18:470 which reads:

> **A. Notices of candidacy.** (1) Upon receipt of a notice of candidacy, the secretary of state or the clerk of court, as the case may be, shall endorse upon it the date and time of filing and either the amount of the qualifying fee paid by the candidate or a statement that a nominating petition was filed by the candidate. If a candidate qualifies in person, a certified copy of the original notice of candidacy shall be furnished to the candidate at the time he qualifies with the qualifying official but after the date and time have been endorsed thereon. If a candidate qualifies by submitting his notice of candidacy by certified mail,

commercial carrier, or agent, the qualifying official shall mail a certified copy of the original notice of candidacy after the date and time have been endorsed thereon to the candidate at the address of his domicile as set forth in the notice of candidacy within forty-eight hours after receipt of the notice of candidacy.

(2) At the time a candidate files his notice of candidacy with the clerk of court it shall become a public record and shall be recorded by the clerk of court in the same manner as sales of immovables and the recordation of mortgages and miscellaneous acts are recorded with him. The clerk of court shall place all notices of candidacy for each election in a separate book which he shall keep in his office, and each such notice of candidacy shall be the official document and the official public record. The clerk of court shall daily post a list of all the candidates, and the offices for which they qualify, whose notices of candidacy have been filed with his office.

(3)(a) After the close of the qualifying period, the secretary of state shall transmit a list of the candidates who have qualified with him to the clerk of court in each parish in which the office is to be voted on. After the close of the qualifying period for candidates in a primary election, the clerk of court shall immediately transmit to the secretary of state a certified list of the candidates for each office who have qualified with him. This list shall include the name of each candidate as said candidate designated his name to appear on the ballot on his notice of candidacy form. The clerk shall also immediately forward qualifying fees for candidates to the secretary of state.
(b) If a notice of candidacy, together with the qualifying fee or a nominating petition, is not filed timely or is filed with the wrong official, the official receiving the papers shall endorse the date and time of receipt upon them and shall return them forthwith, either personally or by registered or certified mail, to the candidate filing them.

**B. Qualifying fees.** The secretary of state shall deliver all qualifying fees to the state treasurer, who shall remit all funds to the state treasury in accordance with law.

It is noted that the Clerk of Court, pursuant to La. R.S. 18:470 (A)(3)(a), transmitted to the secretary of state a certified list of candidates for the senate office who have qualified with his office including Defendant. However, the information on the Second Notice was improperly transmitted to the secretary of state. La. R.S. 18:463(E)(2) allows the Clerk of Court to correct information contained in a notice of candidacy after the close of qualifying period "to correct an error made by the qualifying official who entered the information contained in the notice of candidacy into the database of the Department of State." I would

6

instruct the Clerk of Court to correct its error and enter into the Secretary of State's database the information contained in the First Notice.

The laws governing the conduct of elections must be liberally construed "so as to promote rather than defeat candidacy." *Landiak v. Richmond*, 2005-0758, p. 7 (La. 3/24/05), 899 So. 2d 535, 541. "Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office." *Id.* Accordingly, I would reverse the district court's decision to disqualify Defendant.