124 So.2d 613 (1960)
John T. CUPPLES
v.
Harry J. WALDEN et al.
No. 136.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Rehearing Denied December 14, 1960.
Certiorari Denied February 3, 1961.
Donald M. Garrett, Alexandria, for plaintiff-appellant.
Gist, Murchison & Gist, by DeWitt T. Methvin, Jr., Alexandria, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This case is on appeal from the judgment of the district court sustaining a plea of prescription of one year filed by defendants and dismissing plaintiff's suit. Plaintiff filed a petition against Harry J. Walden and his insurer, Home Indemnity Company, alleging that an accident occurred on September 22, 1957. To this suit defendants filed a plea of prescription of one year.
The facts are that on September 22, 1958, attorney for plaintiff handed the petition to one Richard Wilson, who was in Alexandria on that day and who lived in Jena, Louisiana. Mr. Wilson handed the suit to the deputy clerk of LaSalle Parish on September 22, 1958. The suit was not officially docketed until September 23, 1958. In support of their plea of prescription, defendants rely upon Article 3536 of the LSA-Civil Code, which provides as follows:
"The following actions are also prescribed by one year:
"That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. * * *"
LSA-R.S. 9:5801 provides the following:
"Filing of suit interrupts prescriptionThe filing of a suit in a court of *614 competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."
It is the contention of counsel for defendants that since the suit was not docketed by the clerk and marked "filed" by him until September 23, 1958, that it is filed too late, and the plea of prescription set out in Article 3536 of the LSA-Civil Code governs, and that the suit was properly dismissed.
Counsel for plaintiff on the other hand takes the position that handing the suit by Wilson to the clerk or his deputy on September 22, 1958, interrupted the running of prescription on said suit, and that the suit was filed within one year from the date thereof, and that the claim has not prescribed.
Counsel for defendants objected to any parol evidence in this case, and cited Articles 2254, 2266, and 2276 of the LSA-Civil Code dealing with registry, recordation and parol evidence, respectively.
Prior to 1932 in order to interrupt prescription, in addition to the filing of the suit, the party sued had to be duly cited before the prescriptive period could be interrupted. This was changed in 1932 and is embodied in LSA-R.S. 9:5801, cited herein.
The Court is of the opinion that the filing of the suit under provisions of LSA-R.S. 9:5801 means that the depositing of a suit with the clerk or one of his deputies is the actual filing of a suit under said provisions of law, for if it were otherwise, the litigant could deposit a suit with the clerk of court and the clerk of court could defeat the right of said litigant by not docketing said suit and marking it "filed" for several days after he had received same.
For the reasons assigned, the judgment of the lower court is reversed and set aside and the plea of prescription is hereby overruled.
It Is Further Ordered that the case be remanded to the 28th Judicial District Court for the Parish of LaSalle to be proceeded with in due course as prescribed by law.
The costs incurred in district court in connection with the plea of prescription and those incurred in this court are to be paid by defendant-appellee.
Plea of prescription overruled.
Case remanded.