SAVOY, Judge.
Plaintiffs filed the instant suit in tort on August 27, 1962, against several defendants resulting from an automobile accident. On July 1, 1968, one of the defendants, Traders & General Insurance Company, filed a written motion in the instant case stating that more than five years had elapsed since any steps had been taken in the prosecution *65 of the suit or in the defense thereof, and prayed that said suit be dismissed with prejudice. On the same date the district judge granted the order under the provisions of LSA-C.C.P. Articles 561 and 1672.
On July 26, 1968, plaintiffs filed a rule to show cause directed against Traders why the July 1, 1968 order should not be vacated. It is alleged in this rule that plaintiffs made a motion in open court on February 6, 1967, to place the case on the trial docket ; that the matter was on the dead docket, and the setting for trial was withheld pending the filing by plaintiffs of a motion and order to restore the case to the current docket. After a trial on the rule, the district judge dismissed and recalled the rule.
In his reasons for judgment the district judge stated that under the court rules of his court if any action has not been taken in any case within one year of its filing, it is removed from the active docket and then placed on the dead docket, and it will not be reinstated on the active docket unless the litigant files a motion and obtains a certificate from the Clerk’s office that a $5.00 fee has been paid to the Clerk. The court determined that since this had not been done, the motion of February 6, 1967, was of no effect and was not a step in the prosecution of the suit within the contemplation of LSA-C.C.P. Article 561. The rules of court or a certified copy thereof are not in the record, and we cannot take judicial notice of them. Trahan v. Petroleum Casualty Company, 250 La. 949, 200 So.2d 6.
Assuming that the rules of court are as stated in the trial judge’s reasons for judgment, we are of the opinion that the motion made by counsel for plaintiffs on February 6, 1967, in open court was a step in the prosecution of the suit which interrupts prescription of five years under LSA-C.C.P. Article 561.
By this opinion we do not mean to say that before proceeding further in the instant case plaintiffs do not have to comply with the court rules set forth in the trial judge’s opinion.
For the reasons assigned the judgment of the district court is reversed and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.
Costs of court are to await final determination of the case.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.