272 So.2d 414 (1973)
EVERGREEN PLANTATION, INC., et al., Plaintiffs-Appellants,
v.
Simon ZUNAMON, Defendant-Appellee.
No. 11989.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
Rehearing Denied February 6, 1973.
Writ Refused March 26, 1973.
Hebert, Moss & Graphia by Donn Moss, Baton Rouge, for plaintiffs-appellants.
Sevier, Yerger & Sevier by Henry C. Sevier, Jr., Tallulah, for defendant-appellee.
Before BOLIN, HEARD and HALL, JJ.
En Banc. Rehearing Denied February 6, 1973.
HALL, Judge.
This appeal is from a judgment dismissing plaintiffs' suit for lack of prosecution *415 for five years pursuant to LSA-Code of Civil Procedure Article 561. We reverse the judgment and remand the case to the district court.
In 1966, plaintiffs, Evergreen Plantation, Inc. and Winter Quarters Hunting and Fishing Club, filed suit against defendant, Simon Zunamon, seeking (1) to annul and cancel a sale of timber located on land situated in Tensas Parish on grounds of lesion beyond moiety, and (2) to recover attorney's fees in the sum of $5,000. Alleging that the defendant was a resident of the State of Illinois, plaintiffs caused a writ of attachment to be issued under which the sheriff seized certain immovable property alleged to be owned by the defendant in Tensas Parish. An attorney at law was appointed to represent the absent defendant and service of process was made on the attorney.
Defendant filed (1) an exception to the jurisdiction alleging that defendant did not own the property seized under the writ of attachment and pleading that the court was without jurisdiction either quasi in rem or over the person of defendant, and (2) a rule to dissolve attachment based on the same allegation that defendant did not own the property seized under the writ of attachment.
The minutes of the court reflect that the exception and the rule were heard by the court on the same date. Judgment was rendered making the rule absolute and dissolving the writ of attachment. Neither the minutes nor the judgment reflect any disposition of the exception to the jurisdiction.
From the judgment dissolving the writ of attachment, plaintiffs perfected an appeal to the Second Circuit Court of Appeal. In a decision handed down March 22, 1967, this court affirmed the judgment dissolving the writ of attachment and remanded the case to the district court for the purpose of further proceedings. Evergreen Plantation, Inc. et al. v. Zunamon, 197 So.2d 398 (La.App. 2d Cir. 1967).
The minutes reflect that on January 21, 1969, Mr. Thompson L. Clarke, who does not appear from the record to have previously been involved in the case, appeared in open court and asked for a trial date for this case and the case was fixed for trial on March 25, 1969, with the clerk being instructed to notify all counsel of record of the fixing. On February 5, 1969, pursuant to plaintiffs' written motion, the court ordered that Mr. Clarke be enrolled as co-counsel for plaintiffs. The minutes reflect that on March 13, 1969, Mr. Clarke appeared in open court and asked the court to upset the trial date previously fixed and same was so ordered.
The record shows that no further action was taken by any of the parties to the suit until June 12, 1972, when upon defendant's ex parte motion suggesting to the court that the suit is abandoned since the parties thereto have taken no steps in its prosecution since March 22, 1967, the suit was ordered dismissed. On June 15, 1972, plaintiffs' present counsel was ordered enrolled as counsel for plaintiffs and on that same date plaintiffs filed a motion to set aside the order of dismissal for lack of prosecution, setting forth the enrolling of co-counsel and the fixing of the case for trial in 1969, as steps in the prosecution of the case. Plaintiffs' motion was denied by the court and the present appeal was perfected by plaintiffs from the judgment dismissing the suit for lack of prosecution.
On appeal, plaintiffs-appellants urge that in spite of the earlier judgment dissolving the non-resident writ of attachment the district court had in rem jurisdiction of the suit to annul the timber sale under LSA-Code of Civil Procedure Article 8, that the enrolling of co-counsel and fixing the case for trial in 1969 was a step in the prosecution of the action, and that five years have not elapsed since those steps were taken.
Defendant-appellee takes the position that although the setting of a case for trial is an active step in the prosecution of *416 a case within the meaning of LSA-Code of Civil Procedure Article 561 in a case in which the court has jurisdiction, the district court never acquired jurisdiction in this case either over the person of the defendant under LSA-Code of Civil Procedure Article 6 or quasi in rem pursuant to a valid writ of attachment under LSA-Code of Civil Procedure Article 9. Defendant argues that since the court had no jurisdiction, the setting of the case for trial was of no effect and was not a step in the prosecution of the action under LSA-Code of Civil Procedure Article 561.
It is quite correct that the court did not have jurisdiction over the person of the nonresident defendant under LSA-Code of Civil Procedure Article 6 and did not have quasi in rem jurisdiction under LSA-Code of Civil Procedure Article 9 since no property in this state owned by the nonresident defendant was attached. However, the court did have in rem jurisdiction under LSA-Code of Civil Procedure Article 8 in this action to annul a sale of timber located within the state.
LSA-Code of Civil Procedure Article 8 defines in rem jurisdiction as:
"A court which is otherwise competent under the laws of this state has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court."
In Louisiana standing timber is an immovable and subject to the laws relative to immovables even when separated in ownership from the land on which it stands. LSA-R.S. 9:1103; Ranger Land Co. v. Aetna Casualty & Surety Co., 224 La. 153, 68 So.2d 907 (1953); Hyde v. Barron, 125 La. 227, 51 So. 126 (1909); Smith v. Huie-Hodge Lumber Co., 123 La. 959, 49 So. 655 (1909); Yiannopoulos, Civil Law of Property, Section 103, page 300 (1966). This action to annul a sale of timber for lesion beyond moiety is a suit to enforce a right in, to or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court. Thus, the district court had jurisdiction in rem insofar as this action seeks to annul the sale of timber.
LSA-Code of Civil Procedure Article 561 provides:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
"An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year. As amended Acts 1966, No. 36, § 1."
The jurisprudence has generally defined the phrase "step in its prosecution or defense" to mean a formal move or action before the court intended to hasten the suit to judgment. Sliman v. Araguel, 196 La. 859, 200 So. 280 (1941); Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35 (1932); State, Department of Highways v. Jackson, 211 So.2d 93 (La. App. 1st Cir. 1968); DeClouet v. Kansas City Southern Railway Company, 176 So. 2d 471 (La.App. 3d Cir. 1965); Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir. 1965); Sanders v. Luke, 92 So.2d 156 (La. App. 1st Cir. 1957).
It has been consistently held that a formal motion to set a case for trial is a step in the prosecution of the case which will preclude dismissal of the case for abandonment under LSA-Code of Civil Procedure Article 561. Schutzman v. Dobrowolski, 191 La. 791, 186 So. 338 (1939); Cocke v. Cavalier, 175 La. 151, 143 So. 33 (1932); Crabtree v. Reed, 224 So.2d 64 (La. App. 3d Cir. 1969); Loftus v. Grain Dealers *417 Mutual Insurance Company, 195 So.2d 747 (La.App. 1st Cir. 1967).
In January, 1969, plaintiffs' counsel appeared in court and moved that the case be set for trial and the case was ordered set for trial in March, 1969, although the trial date was upset on plaintiffs' motion prior to trial. The fixing of the case for trial was a formal move before the court intended to hasten judgment. Five years have not elapsed since that step was taken. Accordingly, the suit should not be dismissed for lack of prosecution for five years under LSA-Code of Civil Procedure Article 561.
For the reasons assigned, the judgment of the district court dismissing plaintiffs' suit for lack of prosecution is reversed and the case is remanded to the district court for further proceedings. All costs relating to the motion to dismiss for lack of prosecution in the district court and on appeal are assessed to the defendant-appellee.
Reversed and remanded.