STOULIG, Judge.
This appeal concerns the correctness of a judgment dismissing plaintiff’s personal injury suit for failure to take any step to further its prosecution for five years. C. C.P. art. 561, the law on which the action is grounded, provides:
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or [sic] dismissal as of the date of its abandonment.
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for a period of five years; and the appellate court shall dismiss the appeal summarily.”
*646 The pleading chronology is as follows:
Petition for damages (Jury trial requested)
Answer
Motion to fix for trial
August 16, 1966
September 2, 1966
November 26 or 28, 1969[1]
Bond for jury cost filed
Motion to fix for trial
Motion to Dismiss for Lack of Prosecution with Ex Parte Order of Dismissal signed
Rule to Show Cause why Dismissal should not be set aside
November 26, 1969
December 5, 1974
February 6, 1975 [2]
March 17, 1975.
There is no dispute that more than five years elapsed between the time the first and second motions to fix for trial were filed and signed (apparently the case was not set because of a clerical error). Therefore, the dismissal was proper. In Semel v. Green, 252 La. 386, 211 So.2d 300, 304 (1968), the Court held:
“ * * * It has long been the established jurisprudence that, whenever a plaintiff allows five years to elapse without having taken any steps in the prosecution of his demand, the suit is considered abandoned and any action thereafter taken by him is inefficacious. See Evans v. Hamner, 209 La. 442, 24 So.2d 814, and the many authorities there cited. That case was decided under the provisions of the second paragraph of Article 3519 of the Civil Code. This Civil Code article was the source of Article 561, CCP, and, as shown by the reporter’s comments, Article 561 was patterned on the jurisprudence then existing, as expounded in Evans v. Hamner, and other cases.”
While failure to prosecute for a period of five years does not create a conclusive presumption.of an intent to abandon,[3] a litigant must show the inaction was caused by circumstances beyond his control. Pounds v. Yancy[4] concluded this meant conditions making it impossible to act, such as mental illness or military service.
Admittedly plaintiff’s counsel, for a reasonable period of time, would have no reason to suspect his signed order placing the case on the proper call docket for fixing and trial had been misfiled; however, we do think his inquiry and attention would have been excited before five years had elapsed.
In our view the failure of the deputy clerk of court to process this signed order is not a circumstance beyond the control of the litigant that would interrupt the tolling of the five-year period for statutory abandonment prescribed in C.C.P. art. 561. In other words, there were available means to the plaintiff whereby he could have, within the five-year period, furthered the prosecution of his claim.
The construction placed on C.C.P. art. 561 affording a litigant the right to show the failure to act was caused by circumstances beyond his control (after the action has statutorily been declared abandoned) represents the current jurisprudential interpretation of this article. In the opinion of the writer it does violence to the explicit wording of the article which defines abandonment of an action and decrees: “This provision shall be operative without formal order * * The abandonment is by the operation of law and there is no basis in the article itself which would admit of a subsequent proceeding to negate this statutory declaration. The five-year period within which the conclusion of the *647 litigation must be advanced is a period of peremption which must be interrupted in order for the action to survive.
For the reasons assigned, the judgment appealed from is affirmed, cost to be borne by appellant.

Affirmed.

. The cashier stamp is dated November 26, but the filing date is stamped November 28. The conflict is not important to the result we reach.

. The pleading notes February 7, 1975 as the filing date and the order is dated February 6, 1975. Again the discrepancy is not important to the conclusion.

. Bell v. Staring, 170 So. 502 (La.App. 1st Cir. 1936).

. 224 So.2d 1 (La.App. 1st Cir. 1969).