364 So.2d 167 (1978)
Clarence L. MURPHY, Appellant,
v.
HURDLE PLANTING & LIVESTOCK CO., INC. and Lamar Golman, Appellees.
No. 12172.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Rehearing Denied November 20, 1978.
Writ Refused January 12, 1979.
*168 Charles W. Wilson, III, of Watson, Blanche, Wilson & Posner, Baton Rouge, for plaintiff, appellant.
Robert J. Vandaworker of Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant, appellees.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
Plaintiff, Clarence L. Murphy, appeals a judgment in favor of defendant, Hurdle Planting & Livestock Co., Inc. (Hurdle), dismissing his suit on the grounds of abandonment. Murphy filed suit on November 22, 1968. Hurdle, on January 6, 1969 answered the suit and propounded interrogatories. On January 4, 1974, a motion to set the case for trial was filed with the Clerk of Court of the Eighteenth Judicial District Court. On July 14, 1976, Hurdle filed a motion to dismiss the suit on the grounds of abandonment and this motion was granted.
The chronology of this case is set out in detail in Murphy v. Hurdle Planting & Livestock, Inc., 331 So.2d 566, (La.App. 1st Cir. 1976) and we need not repeat it here. To briefly bring this action up to date, we note that from the trial court's judgment dismissing the entire action, this court in the above cited case, amended the judgment to dismiss the case only as to Lamar Golman. After rehearing was denied and writs refused, defendant Hurdle filed the instant motion for dismissal of the suit on the grounds of abandonment. Obviously, during the time the question of the dismissal of the entire suit was being litigated, plaintiff could do nothing to further the prosecution of his action.
Code of Civil Procedure, Article 561 provides in part:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment. . . ."
A step in the prosecution or defense of an action within the meaning of the above cited article is a formal move or action before the trial court intended to hasten judgment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975); Gros v. Houma Medical and Surgical Clinic, 343 So.2d 1115 (La.App. 1st Cir. 1977).
"There is no doubt that a Motion to Fix Case for Trial, properly filed, is clearly one that is intended to hasten the suit to judgment. . ." Coastal Erection Co., Inc. v. Milan Engineering Co., 305 So.2d 713 (La.App. 4th Cir. 1974). See also Schutzman *169 v. Dobrowolski, 191 La. 791, 186 So. 338 (1939); Cocke v. Cavalier, 175 La. 151, 143 So. 33 (1932); Crabtree v. Reed, 224 So.2d 64 (La.App. 3rd Cir. 1969); Loftus v. Grain Dealers Mutual Insurance Company, 195 So.2d 747 (La.App. 1st Cir. 1967).
Article 253 of the Code of Civil Procedure provides:
"All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law."
The motion to fix for trial is timestamped as being received in the Clerk of Court's Office of the Eighteenth Judicial District Court on January 4, 1974, within the prescriptive period. We hold that the motion was properly filed and interrupted the running of prescription.
The trial judge also relied upon the local rules of the Eighteenth Judicial District Court to support his finding that the action had been abandoned by plaintiff. The trial judge interpreted said rules to require the presentation of a motion to fix for trial to the judge in open court or personally for the judge's signature. Motions for assignment in the Eighteenth Judicial District Court are required to be "made by motion in open court or by written motion transmitted to the court." (Emphasis supplied). We find that a properly filed motion to set for trial is one transmitted to the court. Under La.CCP art. 253 the method of bringing this pleading before the court is its filing with the clerk of court.
The trial judge also found the motion to fix for trial defective because it was signed by an attorney who did not represent the plaintiff.
In this case the motion to set trial was signed by an attorney who was not, at the time of signing, appellant's counsel of record. Mr. Grevemberg was plaintiff's original attorney. Plaintiff went to see Mr. Kimball, another attorney, to negotiate representation. Mr. Kimball testified that he checked the case, found that prescription was about to run, contacted Mr. Grevemberg and filed the motion to set for trial. Mr. Kimball asked Mr. Dawson, an attorney he sometimes associated with on cases, to sign the motion due to an apparent conflict of interest Mr. Kimball might have with the case. The motion was filed on January 4, 1974 with Mr. Dawson's signature at the request of Mr. Kimball. Mr. Dawson was therefore indirectly authorized to file the motion by plaintiff and his counsel of record. See Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir. 1976), writ denied 341 So.2d 420.
For these reasons the judgment of the District Court is reversed and the case is remanded for further proceedings.
Costs of this appeal are to be paid by appellee, Hurdle Planting & Livestock Co., Inc., and all other costs are to await the final disposition of the case.
REVERSED AND REMANDED.