388 So.2d 843 (1980)
Carroll ELLZEY
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al.
Carroll ELLZEY
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al.
Nos. 14377, 14381.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1980.
Rehearing Denied September 29, 1980.
*844 Smith, Ford & Clark, Leesville, for plaintiff-respondent.
Mayer, Smith & Roberts, Shreveport, for defendant-respondent.
Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for defendant-respondent.
Before JASPER E. JONES, HALL and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied September 29, 1980.
JASPER E. JONES, Judge.
Defendants, Employers Mutual Liability Insurance Co. of Wisconsin, Panola-Harrison Electric Cooperative, Inc., Benjamin K. Taylor and Aetna Casualty & Surety Co., applied to this court for the exercise of our supervisory jurisdiction complaining of judgments of the trial court vacating two earlier orders dismissing plaintiff's suit against them as abandoned. The ex parte dismissals were obtained pursuant to defendants' Motion to Dismiss for lack of prosecution wherein defendants asserted five years had elapsed without any steps having been taken in the prosecution or defense of this suit. We granted writs to review the judgments of the trial court vacating the judgments of dismissal.
Plaintiff, Carroll Ellzey, filed this tort action against defendants on June 10, 1974. The last action taken in the case of record was the December 2, 1974, answer of defendants Panola-Harrison and Employers. On December 7, 1979, and December 18, 1979, defendants Panola-Harrison and Employers, and defendants Taylor and Aetna respectively moved to dismiss the case against them on the grounds that the action had been abandoned under provisions of LSA-C.C.P. art. 561 because five years had elapsed since the parties had taken any action in the prosecution or defense of the case. The ex parte motions were granted.
Plaintiff then filed a rule to show cause why the orders of dismissal should not be set aside for the reason that plaintiff had taken steps in the prosecution of the case within the preceding five years by seeking to have the case set for trial. The trial judge agreed with plaintiff and found the action had not been abandoned. This determination was based upon a stipulation entered into by the parties which established the facts set forth in the following paragraph.
On January 12, 1978, plaintiff's attorney, a resident of Leesville, wrote to the clerk of court for the First Judicial District and requested that plaintiff's case be fixed for trial as a civil jury case. On September 5, 1979, plaintiff's attorney sent another letter to the clerk of court and requested that the case be fixed for a jury trial during the first week of January, 1980. The clerk of court received these letters (this is the import *845 of the totality of the stipulation though this fact is not clearly stated). While local attorneys used a form provided by the clerk to request trial dates, the writing of a letter to the clerk of court was the accepted procedure in the First Judicial District Court by which out-of-town counsel requested a case to be set for trial. It is also part of the normal procedure for the clerk of court not to file any such letter requesting a trial date into the record. No order had been signed in the case authorizing a jury trial and no jury bond had been filed by plaintiff. Under these circumstances because the case was not ready for trial the practice of the clerk was to take no action upon a request for a jury trial date. The plaintiff's letters requesting a trial date were not acted upon by the clerk of court nor were they filed in the record.
Dismissal of a suit for abandonment is provided for in LSA-C.C.P. art. 561:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year."
In Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), the court interpreted the requirement of LSA-C.C.P. art. 561 as follows:
"By its clear and unambiguous wording, article 561 requires three things of plaintiff: (1) that he take some `step' in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last `step' taken by either party." Id. at 310.
Melancon defines steps in the prosecution or defense as follows:
"The traditional definition accorded to the phrase `steps in [the] prosecution or defense' of a suit requires the action to be formal, before the court, and intended to hasten judgment." Id. at 312.
The filing of a motion to fix a case for trial is a step in the prosecution of the action within the contemplation of LSA-C. C.P. art. 561. Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2d Cir. 1973); Crabtree v. Reed, 224 So.2d 64 (La. App. 3d Cir. 1969); Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir. 1976); Murphy v. Hurdle Planting & Livestock Co., Inc., 364 So.2d 167 (La.App. 1st Cir. 1978).
The issue is whether the letters of plaintiff's attorney to the clerk of court, pursuant to the First Judicial District's rules and practices, constituted a step in the prosecution such as would preclude a determination of abandonment under LSA-C.C.P. art. 561, even though the letters were not placed in the suit record.
In Kanuk, supra, before the five year period had elapsed, the plaintiffs had filed an unsigned and therefore technically defective motion to fix the case for trial on the merits. The defendants, contending that this unsigned motion to fix for trial did not constitute a step in the prosecution as required by LSA-C.C.P. art. 561, moved that plaintiffs' action be declared abandoned. The trial court agreed with defendants and dismissed plaintiffs' action, but the Fourth Circuit reversed on the grounds that such a defective motion, although technically invalid, was nevertheless sufficient to show plaintiffs' intent to continue their suit and enough to constitute a step toward moving the suit to judgment. The court stated at p. 758:
"The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period had clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. The filing of the *846 technically defective motion in this case was a step toward moving the suit to judgment and militated against any intention to abandon the action."
In Murphy, supra, the lower court had interpreted plaintiff's properly filed and time-stamped motion to fix for trial as not being in compliance with the local court rules because it had not been formally submitted to the judge for his consideration and therefore had dismissed plaintiff's suit as abandoned. The First Circuit found the lower court had misinterpreted the rules and held that a properly filed motion to fix for trial is "transmitted to the court" as mandated by the local rules. The court of appeal then reversed the judgment finding plaintiff's suit abandoned.
In Evergreen, supra, this court held that an oral motion in open court to set a case for trial is a step in the prosecution which will preclude a dismissal for abandonment and reversed the trial court's determination that the action had been abandoned.
In Crabtree, supra, the court held a motion in open court to place a case on the docket is a step in the prosecution and reversed a trial court's decision of abandonment. The fact that the case could not have been set pursuant to local rules until a motion had been filed and fee paid to remove it from the dead docket[1] did not preclude the oral motion from being construed as a step in the prosecution of the suit.
Defendants concede in brief that a formal motion to fix a case for trial properly filed by the clerk of court constitutes a step in the prosecution of the case under the provisions of LSA-C.C.P. art. 561. They contend that a letter written to the clerk seeking a trial date not filed by the clerk in the record is not a step in the prosecution of the suit. Defendants assert that the supreme court decisions of Sliman v. Araguel, 196 La. 859, 200 So. 280 (La. 1941) and Melancon, supra, require that a document requesting a trial date be placed in the court records before it can be considered as a step in the prosecution of the suit. In Araguel, supra, which was a Pre-Code of Civil Procedure case, the defendant sought dismissal on the grounds that it had been abandoned under the provisions of LSA-C.C. art. 3519 which then provided:
"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
The record reflected that more than five years had elapsed since any action had been taken by any party to the suit. At a hearing on the issue of whether or not the case had been abandoned evidence was adduced which established that during the period following the last court record of any action in the case, plaintiff's and defendants' attorneys had been actively involved in an attempt to prepare a stipulation to be used in the trial of the case in lieu of the testimony of a witness. There had also been correspondence between these attorneys.
This opinion reflects that the plaintiff was attempting to assert that these out-of-court activities between the attorneys representing the parties to the litigation constituted steps in the prosecution of the suit so as to preclude an adjudication of abandonment under the provisions of LSA-C.C. art. 3519. The court rejected plaintiff's contention for the reason that the activities relied upon failed to constitute a formal move before the court intending to hasten judgment, the court there stating:
"A situation arising outside the record cannot be considered as a step in the prosecution of the suit." Araguel, supra, 200 So. at p. 281.
*847 In Melancon, supra, the court record established that the last action in the case had been defendant's motion for a new trial, which had occurred more than five years prior to defendant's motion to dismiss as abandoned. Plaintiff relied upon his prosecution of a companion suit in federal court during the five year period and an out-of-court agreement by defense counsel to stay the state court proceedings while the federal suit was being litigated as steps in the prosecution of the state court case to preclude an abandonment adjudication under the provisions of LSA-C.C.P. art. 561. The supreme court rejected plaintiff's contention that the federal court action was a step in the prosecution of the case for the reason that it was not an action taken in the trial court as required by the clear and unambiguous language of LSA-C.C.P. art. 561. The supreme court rejected plaintiff's contention that defense counsel's out-of-court agreement to stay the court proceedings was a waiver of the right to plead abandonment based upon a historical review of the provisions of LSA-C.C. art. 3519 and LSA-C.C.P. art. 561, the court concluding that one of the purposes of the provision in LSA-C.C.P. art. 561 "to take any step in its prosecution or defense" was to limit the earlier jurisprudential rules on waiver "to those instances where defendant had taken some formal step in the defense of the suit within the five-year period of plaintiff's inaction." The court in Melancon, supra, stated:
"... any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record." Id. at 312.
While Araguel and Melancon, supra, each requires that steps in the prosecution of the action be reflected in the court record within the five year period under consideration in order to preclude an adjudication of abandonment neither of these cases is applicable to the facts of the case here presented. They are distinguishable because in neither of them was there any action taken before the court that could be construed as a step in the prosecution of the action. In neither of them was the court confronted with the contention that steps taken in the court but not placed in the record by the clerk constituted a step in the prosecution of the case.
Plaintiff here during the five year period under consideration delivered to the clerk of court two letters containing a request for a trial date. While these trial date requests were not in the form of a formal pleading entitled "Motion to Set For Trial" they met the requirements of the rules and practices of the First Judicial District Court and under these circumstances the significance of the requests for trial date and the form on which they were submitted are entitled to the same consideration as a formal pleading prepared for the purpose of obtaining a trial date.
Having reached this conclusion the issue presented is whether the clerk of court's failure to endorse "Filed" on the two letters received and place them in the suit record shall preclude them from being construed as steps in the prosecution of the action. LSA-C.C.P. art. 253 provides:
"All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law."
The clerk of court of the First Judicial District upon receipt of the two letters requesting trial dates should have endorsed thereon the fact and date of filing and retained possession of them and placed them in the record, and he failed to do this. Had he done so these steps in the prosecution of the action would have been a matter of record and defendants herein would have been unable to have obtained their ex parte orders of dismissal.
In the decision of Cupples v. Walden, 124 So.2d 613 (La.App.3d Cir. 1960), a Pre-Code of Civil Procedure case, the defendant asserted that the delivery of a petition in a *848 tort action to the clerk of court on the last day before prescription ran did not interrupt prescription because it was not formally marked "filed" and docketed until the following day. The statute there being construed was LSA-R.S. 9:5801 which provided as follows:
"Filing of suit interrupts prescription-The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." Cupples at 613.
The court concluded that the delivery of the suit to the clerk met the requirements of the statute and interrupted prescription even though the petition was not formally filed and docketed by the clerk until the following day at which time prescription would have run. The court made the following statement:
"The Court is of the opinion that the filing of the suit under provisions of LSA-R.S. 9:5801 means that the depositing of a suit with the clerk or one of his deputies is the actual filing of a suit under said provisions of law, for if it were otherwise, the litigant could deposit a suit with the clerk of court and the clerk of court could defeat the right of said litigant by not docketing said suit and marking it `filed' for several days after he had received same." Cupples, supra, at p. 614.
In the decision of Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir. 1968), the court concluded that an amended petition designed to comply with a court order rendered following trial of an exception of vagueness was timely filed even though the clerk upon receipt of the petition refused to file it and returned it to plaintiff. The court concluded that delivery of the petition to the clerk even though the clerk failed to file and retain it constituted "filed" under LSA-C.C.P. art. 253 and made the following statement:
"Consequently, we are of the opinion that the plaintiff did file an amending petition prior to the motion for the show cause order. Assuming for the sake of argument that an attorney for a petitioner had delivered a petition in a tort case to the clerk of court for filing on the last day before prescription and the clerk either failed or refused to stamp same `Filed', would you say then that the petition has or has not been filed timely? We are of the opinion that the petition under those circumstances would be considered filed, just like in the case at bar." Id. at 184.
In the supreme court decision of Lambert v. Kelley, 264 La. 1, 270 So.2d 532 (1972), a motion for a new trial which was timely delivered to the clerk of court but which was not formally marked "Filed" and placed in the record until the following day when the delays for filing a motion for new trial had expired was held to have been timely filed. The party who filed the motion was permitted to establish by extrinsic evidence the date on which the motion was filed. The court there said 270 So.2d at page 535:
"Marking the document or pleading `filed' and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading is the filing."
We conclude that the plaintiff's delivery of the letters requesting a trial date to the clerk of court constituted a filing of them under the provisions of LSA-C.C.P. art. 253. This was a step taken before the trial court in the prosecution of the action under LSA-C.C.P. art. 561 which should have been placed in the record by the clerk of court because of the specific requirement contained in LSA-C.C.P. art. 253. The failure of the clerk to comply with his responsibility cannot detract from the actions of the plaintiff establishing that he had not abandoned the prosecution of his case. The plaintiff was entitled to establish his action before the court by extrinsic evidence and this was accomplished by the stipulation between the parties referred to earlier in this opinion.
The Fourth Circuit case of Coastal Erection Co., Inc. v. Milan Engineering Co., 305 *849 So.2d 713 (La.App. 4th Cir. 1974), held that a motion to fix a case for trial delivered to the clerk of court's office and retained in the suit record but not marked "Filed" because of the plaintiff's failure to pay past due court costs did not constitute a step in the prosecution of the action. This case is contra to the rationale of Cupples, Roby and Lambert, supra. It has the effect of denying plaintiff the adjudication that his request for a trial date is a step in the prosecution of his suit as mandated by Evergreen, Crabtree, Kanuk and Murphy, supra. For these reasons we decline to follow Coastal, supra.
Defendant makes an additional argument that because there had been no bond posted for jury costs and order signed authorizing the jury trial, that plaintiff's letters seeking to set his case for trial could not possibly have been acted on by the clerk and for this reason were not a step in the prosecution of the action. We find this contention without merit because the plaintiff could have at any time supplied the bond and secured the order authorizing the jury trial. His failure to have complied with these requirements prior to the delivery of his trial date requests do not prevent his actions from being formal steps taken in court seeking to hasten his suit to judgment. See Crabtree, supra, wherein an oral motion to fix for trial was construed a step in the prosecution of the action even though it was made at a time when the case was on the dead docket and could not have been set until it was removed from the dead docket and placed on the active docket as required by local court rules.
For the reasons assigned we conclude that the trial court judgment vacating the orders of dismissal was correct. Let the alternative writs of certiorari, prohibition and mandamus heretofore issued be recalled.
FRED W. JONES, Jr., Judge, dissenting.
Because of the confusion that had arisen over what constituted voluntary and intentional abandonment of a lawsuit, La.C.C. Art. 3519 was amended in 1898 to add the following provision:
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
The language of this codal article clearly expressed a legislative intent that suits should not be allowed to linger indefinitely.
The Louisiana Supreme Court in the case of Sliman v. Araguel, 196 La. 859, 200 So. 280 (1941) had occasion to interpret the phrase "step in the prosecution of a suit," and held:
"The `step' in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court." Id. 200 So. at p. 281.
Article 3519 was further amended in 1960 to transfer its procedural rules to La.C.C.P. Art. 561.
Although the factual circumstances have varied, appellate decisions construing Article 561 have generally considered whether some specific action constituted a "step in the prosecution" of a lawsuit. Almost without exception those cases have adhered to the holding of Sliman that a "step in the prosecution" must be a formal action before the court toward the progress of the suit which is a matter of record in the litigation proceedings.[1] The consistent refusal to consider actions taken outside the record reflected a desire to implement the legislative goal of eliminating those uncertainties engendered for the opposing party by informal actions.
The Sliman ruling that steps in the prosecution or defense of a suit require "the action to be formal, before the court, and intended to hasten judgment" was reaffirmed *850 by the Louisiana Supreme Court in Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975) with this comment:
"The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the record. (emphasis added) In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Consonant with this, article 561 also provides that the order of dismissal for abandonment shall issue on ex parte motion of any party or other interested person; accordingly, a contradictory hearing of extrinsic evidence is unnecessary." Id. at p. 312.
Whether the fixing of a case for trial constitutes a "step in the prosecution" of a suit has been considered in a number of cases. That question was answered in the affirmative in the following:

Crabtree v. Reed, 224 So.2d 64 (La.App. 3rd Cir. 1969)-plaintiff's attorney appeared in open court and moved that the case be fixed for trial.

Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2nd Cir. 1973)-plaintiff's attorney appeared in open court and moved that case be fixed for trial.

Kanuk v. Pohlmann, 338 So.2d 757 (La. App. 4th Cir. 1976)-motion filed in record to have case fixed for trial, though pleading not signed by mover's attorney.

Murphy v. Hurdle Planting & Livestock Co., 364 So.2d 167 (La.App. 1st Cir. 1978)-motion to fix case for trial filed in the suit record.
On the other hand, in Coastal Erection Co., Inc. v. Milan Engineering Co., 305 So.2d 713 (La.App. 4th Cir. 1974), plaintiff's efforts to fix a case for trial were not deemed a "step in the prosecution" of his suit. There, the plaintiff's attorney wrote to the Clerk of Court asking that his case be fixed for trial. The clerk replied that a formal motion to fix the matter for trial would have to be prepared and filed. This pleading was subsequently received in the clerk's office and placed in the suit record but was not formally filed nor submitted to the judge for his signature. In holding that the actions of plaintiff's attorney were not "steps in the prosecution" of the suit, the court stated:
"If plaintiff has it within his power to take some action to further his suit to a final judgment, no neglect or fault of a court official, nor misapprehension of fact on his part, will justify his failure to take steps in the prosecution of his suit for more than five years. * * *
"The convenience and general dependability of the mails and the usual cooperative efforts of the personnel in the office of the various Clerks of Court may beckon the busy attorney to rely entirely upon them. Yet, the final responsibility for seeing to it that his pleadings are actually filed rests ultimately and, indeed, exclusively, with the attorney. Even when he may be understandably and unintentionally diverted from this responsibility, the obligation nevertheless relentlessly exists." Id. at p. 715.
The plaintiff in Le Det v. Firemen's Insurance Co. of Newark, N. J., 327 So.2d 645 (La.App. 4th Cir. 1976), filed a motion to fix his case for trial but because of a clerical error there was no trial fixing. Finding that this action did not constitute a "step in the prosecution," the court commented:
"In our view the failure of the deputy clerk of court to process this signed order is not a circumstance beyond the control of the litigant that would interrupt the tolling of the five-year period for statutory abandonment prescribed in C.C.P. art. 561. In other words, there were available means to the plaintiff whereby he could have, within the five-year period, furthered the prosecution of his claim." Id. at p. 646.
*851 In the case at bar the majority concludes that plaintiff's delivery of letters requesting a trial date to the clerk of court constituted a filing of those letters under La.C. C.P. Art. 253 and that this was a "step in the prosecution" under La.C.C.P. Art. 561 even though the letters were not actually filed in the record.
It should be noted, first, that the cases applying Article 253 cited in the majority opinion all deal with pleadings which are routinely filed in the suit record, not with letters.
Second, since no order for a jury trial had been signed and, consequently, no bond posted, this case was obviously not in a posture for trial fixing. As a matter of fact, La.R.S. 13:3050 specifically provides that "no jury shall be ordered in any civil case unless the bond is given."
Finally, the thrust of the majority opinion is to place the full onus on clerks of court to encumber records with all kinds of miscellaneous correspondence from attorneys and, at the same time, to absolve attorneys from their responsibility to properly hasten suits to judgment. The end result of this ruling will add to the interminable delays that now plague trial courts and congest their dockets. Consequently, the right of all litigants, whether plaintiff or defendant, to an expeditious disposition of litigation will be further frustrated and subverted.
Concern that technical carelessness not bar adjudication on the merits reflects sound legal policy and is a commendable attitude. However, opposed to that consideration in this instance is the weightier policy (formally expressed by enactment in the code) that there be certainty in determining when suits have been abandoned.
The impact of the majority opinion is that we return to the uncertainty of the pre-1898 period, negating the spirit of the codal provision for an ex parte order. Indeed, in each case the moving party will have to rule his opponent into court to give him the opportunity to demonstrate that some action taken outside the record constituted a step in the prosecution of the suit. This is a reversal of the jurisprudential approach to this particular subject for the past decades and appears clearly to contradict the consistent holdings of the Louisiana Supreme Court.
For these reasons I respectfully dissent, would make the rule absolute, reverse the ruling of the trial court, and dismiss plaintiff's suit pursuant to the provisions of Article 561.
NOTES
[1] The District Court rules provided that if no action had been taken in a case within one year of its filing it was removed from the active docket and placed upon a dead docket and it could not be reinstated upon the active docket until the litigant filed a motion to place it on the active docket and paid the clerk a fee of $5.00.
[1] For an excellent discussion of the subject see Note, 40 Tulane Law Review 431 (1966).