LOBRANO, Judge.
The issue presented for our review in this appeal is whether or not the trial court correctly dismissed plaintiff's suit pursuant to the provisions of Article 561 of the Code of Civil Procedure.
On February 18, 1980 plaintiff filed suit against Blue Cross Association, Blue Shield Association and Louisiana Health Service and Indemnity Company seeking recovery under a health insurance contract. On April 15, 1980 Blue Cross of La. filed an answer in the form of a general denial. On July 6,1980 plaintiff and defendant entered into a joint stipulation dismissing with prejudice Blue Cross Association and Blue Shield Association and further agreeing that if liability on the policy is found, then judgment would be rendered against Blue Cross of La. On May 6, 1985 plaintiff filed a motion to set the matter for trial. Defendant countered with a motion to dismiss for abandonment under the provisions of Article 561.
The trial court granted defendant’s motion, and this appeal followed.
Article 561 of the Code of Civil Procedure provides in pertinent part:
“A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
* * * * * *
This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.”
* sjt * # ⅝ *
The provisions of that article have been interpreted by our Supreme Court as requiring that some “step” be taken in the prosecution of the lawsuit, that it be done in the trial court, and that it be done within five (5) years of the last “step” taken by either party. Melancon v. Continental Casualty Co., 307 So.2d 308 (La.1975). A party takes a “step” in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil v. Traigle, 436 So.2d 530 (La.1983).
A motion to proceed in forma pauperis, an unsigned motion to fix for trial, and the filing of a notice of deposition all have been *1003 held to be sufficient steps within the meaning of Article 561. Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984); Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir.1976), writs refused, 341 So.2d 420; Highlands Ins. Co. v. City of Lafayette, 453 So.2d 608 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 119. In Delta Development Co. Inc. v. Jurgens, 456 So.2d 145 (La.1984), it was held that interrogatories directed to one defendant constituted a step in the prosecution of the action as to all other defendants.
In interpreting the purpose of Article 561, our court has stated:
“The purpose of the C.C.P. Art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiffs inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. The filing of the technically defective motion in this case was a step toward moving the suit to judgment and militated against any intention to abandon the action.” Kanuk v. Pohlmann, supra at 758.
This court is satisfied that Article 561 should be given a liberal interpretation. Acosta, supra. Clearly the joint stipulation filed into the record of these proceedings was intended to dismiss certain parties, and pinpoint the proper defendant. We hold that it was a sufficient step in the prosecution of this case so as to prevent dismissal under the provisions of Article 561.
REVERSED AND REMANDED.