623 So.2d 677 (1993)
FREEDLANDER, INC., THE MORTGAGE PEOPLE
v.
Loretta Talbert CERTAIN & Louis West Certain.
No. 92-CA-2698.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*678 Stephen G. Sklamba, Metairie, for plaintiff/appellee.
William H. Forman, Jr., New Orleans, for defendants/appellants.
Before PLOTKIN, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
Defendants Loretta Talbert Certain and Louis West Certain (hereinafter "the Certains") appeal from the denial of their motion to dismiss the executory proceeding brought against them by Freedlander, Inc., The Mortgage People ("Freedlander"). We are asked to determine whether the proceeding was abandoned pursuant to La.Code Civ. Proc.Ann. art. 561 (West 1960).
On July 11, 1986, Freedlander filed a petition for executory process against the Certains. Loretta Certain was served with notice of demand of payment on July 17, 1986, and a return was filed in the record on July 22, 1986. Because the sheriff's office was unsuccessful in serving the notice of demand on Louis Certain, it was filed in the record as unserved on November 13, 1986.[1] On December 29, 1986, Freedlander requested by letter that the clerk of court issue a writ of seizure and sale. Freedlander withdrew this request on January 29, 1987.
No further action was taken in this case until July 17, 1991, when Freedlander filed a supplemental and amending petition requesting that the suit be converted from an executory proceeding to an ordinary proceeding. The defendants filed a motion to dismiss on March 5, 1992, for failure to take any steps in the prosecution for a period of five years, Following a hearing, the motion was denied. In reasons for judgment, the trial court stated the following:
The Court finds that the letter addressed to the Clerk on December 29, 1986, to issue a writ of seizure and sale interrupted the running of prescription even though the request for the issuance of a writ of seizure and sale was withdrawn on January 29, 1987.
The Court follows the line of jurisprudence set forth in Shulver v. Slocum, 566 So.2d 1089 (La.App. 2d Cir.1990), writ denied 569 So.2d 984 (La.1990) rather than the line of jurisprudence set forth by the Third Circuit in Declouet v. Kansas City Southern Railway Company, 176 So.2d 471 (La.App. 3d Cir.1965), writ refused [248 La. 383] 178 So.2d 662 (La.1965).
Accordingly, the request to dismiss this lawsuit for lack of prosecution is hereby denied.
Arguing that Freedlander's withdrawal of its request for issuance of a writ of seizure and sale negated the effect of that request for purposes of interrupting Article 561's five year abandonment period, the Certains now appeal. We affirm.
La.Code Civ.Proc.Ann. art. 561(A) (West 1960) provides, "An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years...." In limiting their arguments to the effect of Freedlander's withdrawal of its request for issuance of a writ of seizure and sale, the Certains concede that Freedlander's letter requesting issuance was a valid step in prosecution. Although no Louisiana court has ever considered whether such a request constitutes a step in prosecution, the jurisprudence has treated requests for action by the clerk of court as steps in prosecution. Shulver, 566 So.2d at 1092; Ellzey v. Employers Mutual Liability Ins. Co., 388 So.2d 843 (La.App. 2d Cir.1980), writ denied 394 So.2d 617 (La.1980); King v. American Motorists Ins. Co., 295 So.2d 26 (La.App. 4th Cir.1974). Since a request for issuance of a writ of seizure is required in executory proceedings, La.Code Civ.Proc. *679 Ann. art. 2638 (West 1961), we will consider Freedlander's request a step in prosecution.
The Certains have failed to point out any law or jurisprudence which indicates that withdrawal of an otherwise valid step in prosecution negates the effect of that step for purposes of interrupting Article 561's abandonment period. As far as we are aware, the only case which has considered this issue is Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2d Cir.1973), writ denied 274 So.2d 708 (La.1973), wherein the Second Circuit held that plaintiff's motion to set the case for trial interrupted the five year period, even though plaintiff later upset the trial date. Evergreen placed little importance on plaintiff's disruption of the trial date, stating simply:
... the case was ordered set for trial in March, 1969, although the trial date was upset on plaintiff's motion prior to trial. The fixing of the case for trial was a formal move before the court intended to hasten judgment. Five years have not elapsed since that step was taken. Accordingly, the suit should not be dismissed for lack of prosecution for five years under LSA-Code of Civil Procedure Article 561.
Id. at 417.
In Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1976), writ denied 341 So.2d 420 (La.1977), we held:
The purpose of the C.C.P. art 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action.
See also, Fontenot v. Blue Cross Association, 485 So.2d 1001, 1003 (La.App. 4th Cir.1986); Acosta v. Hepplewhite Home, Inc., 450 So.2d 770, 772 (La.App. 5th Cir.1984); Pelto Oil Co. v. Collector of Revenue, State of Louisiana, 424 So.2d 1221, 1225 (La.App. 1st Cir. 1982), rev'd on other grounds 436 So.2d 530 (La.1983); American Eagle, Inc. v. Employers' Liability Assurance Corp., Ltd., 389 So.2d 1339, 1342 (La.App. 1st Cir.1980), writs denied 396 So.2d 885, 886 (La.1981); Ellzey, 388 So.2d at 845.
In the instant case, the trial court specifically relied on Shulver, wherein the Second Circuit set forth the above language from Kanuk, then concluded with the addition of the following sentence: "The article is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned." Shulver, 566 So.2d at 1091.
Freedlander demonstrated an intent to pursue this action, first by filing a request for issuance of a writ of seizure and sale, and then by filing an amended petition less than five years later. The withdrawal of its request for issuance did not in itself evidence an intent to abandon this action. While there might be circumstances under which withdrawal of an otherwise valid step in prosecution would negate the effect of that step for purposes of interrupting Article 561's abandonment period, there is no law or jurisprudence which mandates such a result. Under the circumstances presented by this case, the trial court was correct in concluding that Freedlander did not abandon this action within the meaning of Article 561. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J., concurs in result.
PLOTKIN, Judge, concurring in result:
The defendants appeal from a denial of their motion to dismiss the plaintiff's claim as abandoned. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La.C.C.P. art. 1841. Interlocutory judgments are not subject to appeal unless there is a showing that irreparable harm will occur if the error is not corrected. Bernard v. Allstate Insurance Co., 396 So.2d 548 (La.App. 3d Cir.1981). Interlocutory decisions are subject to review under this Court's supervisory jurisdiction. La.C.C.P. art. 2201.
*680 In the instant case, the judgment of the trial court has not terminated litigation or a claim of the relator's. Therefore, the trial court's decision is an interlocutory judgment. Additionally, there has been no showing of irreparable harm. Thus, the judgment is not subject to appeal. The more appropriate action would be for this Court to convert this appeal into a supervisory writ and decide the matter on that basis. However, because I agree with the result reached by the majority, I concur.
NOTES
[1] Although requests for service are considered steps in prosecution, the subsequent actions of the process server in carrying out service and filing the service return in the trial court are not considered steps in prosecution. Seligman v. G.A. Scott & Bro., 134 So. 771 (La.App. 2d Cir. 1931). Perhaps for this reason, Freedlander has made no attempt to argue that the November 13, 1986 filing of Louis Certain's notice of demand was a step in prosecution.