644 So.2d 677 (1994)
Paul TINSLEY
v.
Curtis K. STAFFORD, et al.
No. 93 CA 1668.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Writ Denied January 6, 1995.
J. Housan Fenner, III, Baton Rouge, for plaintiff-appellant, Paul W. Tinsley.
Michael V. Clegg, Baton Rouge, for defendant-appellee, Curtis K. Stafford.
Before GONZALES, FOGG and PARRO, JJ.
*678 FOGG, Judge.
The pivotal issue raised on appeal in this suit alleging legal malpractice is whether the trial court erred in determining that the suit was not abandoned pursuant to La.C.C.P. art. 561.
On March 15, 1984, Paul W. Tinsley filed the instant action, naming as defendants Curtis Stafford and James Farrier[1]. James Farrier filed an answer to the lawsuit on April 26, 1984. Thereafter, no pleadings appear in the record until May 16, 1989, when Stafford filed a motion to dismiss this case as having been abandoned pursuant to La. C.C.P. art. 561. That motion was denied by the trial court. Subsequently, the case was dismissed pursuant to a peremptory exception raising the objection of prescription filed by Stafford.
Tinsley appealed the judgment sustaining the objection of prescription and ordering the dismissal of his lawsuit. Stafford answered the appeal, contending the trial court erred in concluding plaintiff's action was not abandoned pursuant to La.C.C.P. art. 561. Because we find merit to the issue raised in Stafford's answer to the appeal, we pretermit all other issues raised on appeal.
La.C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. The Supreme Court, in Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), discussed the requirements of article 561 as follows:
By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party....
. . . .
... any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence.
307 So.2d at 310-312.
In the instant case, a letter was mailed to the trial judge apparently requesting the matter be set for trial. The letter is not part of the court record; therefore, its precise contents are unclear. The trial court found that this letter was sufficient to constitute an action taken within five years towards prosecution. In support of the trial court's decision, the plaintiff refers this court to the cases of Zion v. Stockfieth, 616 So.2d 1373 (La.App. 5th Cir.1993) and Ellzey v. Employers Mutual Liability Insurance Company, 388 So.2d 843 (La.App. 2nd Cir.), writ denied, 394 So.2d 617 (La.1980).
In Ellzey, pursuant to the district court's rules and practices, plaintiff's attorney sent letters requesting a trial date to the clerk of court; it was part of the normal procedure for the clerk of court not to file any such letter into the court record. The court concluded that the plaintiff's delivery of the letters to the clerk of court constituted a filing of them under the provisions of La.C.C.P. art. 253 which requires that the clerk of court file such documents in the court record. The court determined, therefore, that a step was taken before the trial court in the prosecution of the action under La.C.C.P. art. 561. The failure of the clerk to comply with his responsibility did not detract from the actions of the plaintiff establishing that he had not abandoned the prosecution of his case.
In Zion within the five-year period needed for a valid dismissal, a motion to set the merits for trial was sent or hand-delivered by the plaintiff's attorney to the clerk of court's office for filing. The motion, however, was not filed and was returned by the clerk because certain court costs were overdue. The court found the motion to be a step in the prosecution of the case.
It is clear that a motion to fix a case for trial which is filed in the court record is a step in the prosecution of the action within the contemplation of La.C.C.P. art. 561. *679 Murphy v. Hurdle Planting & Livestock Co., Inc., 364 So.2d 167 (La.App. 1st Cir.1978), writ denied 366 So.2d 562 (La.1979). Zion and Ellzey represent expansions of this legal precept to include letters and motions to set for trial that were delivered to the clerk of court, but not filed in the record by the clerk of court. The factual scenarios of Zion and Ellzey are distinguishable from the case at bar; in each of those cases the letter or motion was filed with the clerk of court as required by La.C.C.P. art. 253. In the instant case, a letter was sent to the trial judge, rather than the clerk of court. This practice is not recognized by the Code of Civil Procedure and does not constitute a step in the prosecution that was taken in the trial court. Absent a step taken in the prosecution of the lawsuit by the plaintiff in the trial court within five years of the answer filed on April 26, 1984, by the plain terms of article 561, the suit must be considered abandoned. Here, no further action was taken in the trial court until after the trial court denied Stafford's motion for dismissal due to abandonment. Thus, by the terms of article 561, the action was abandoned.
For the foregoing reasons, the judgment of the trial court is amended to reflect that the lawsuit is dismissed as abandoned. Costs are assessed against appellant, Paul W. Tinsley.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The outcome of this litigation with respect to Farrier is unclear because the record, as designated on appeal in accordance with La.C.C.P. art. 2128, does not include documentation of the disposition of this case with respect to this defendant.